JOHN DOE, *ex dem.*, JOHN H. THOMPSON, *et al.*, plaintiffs in error, *vs.* RICHARD ROE, *casual ejector*, and JOHN KNIGHT, *et al.*, defendants in error.

The letters testamentary granted to an executor having been revoked, and an intestacy declared by the Ordinary on account of the birth of a posthumas child unprovided for by the will; and an appeal entered, which was subsequently dismissed:

*Held,* That the intermediate acts pending the appeal were void.

Ejectment, in Walker Superior Court. Tried before Judge BROWN, at November Term, 1857.

This was an action of ejectment brought by John Doe, *ex dem.* of John H. Thompson, and James Mann, and James T. Rape, administrators of James Mann, deceased, against Richard Roe, *casual ejector*, and John Knight, Joseph Carlock and Matthew Haney, tenants in possession, for the recovery of lot of land, No. 16, in the 11th district, and 4th section of originally Cherokee, now Walker county.

This case was heard upon the following agreed statement of facts, to-wit:

James Mann was the owner of the lot of land in controversy, at the time of his death, and had a regular chain of title to it. He made his will and appointed Lewis Mann his executor. After James Mann died, his will was proven and recorded, and letters testamentary issued to Lewis Mann, who was qualified as executor. After testator's death, his widow had a child, and the Ordinary issued a citation which was served on the executor, requiring him to show cause why said will should not be set aside, his letters testamentary revoked, and the estate of James Mann declared intestate, on the ground that deceased had a child born after his death, for which no provision was made in his will.

No sufficient cause being shown, the Ordinary adjudged that said will be set aside, the letters testamentary be revoked,

and that James Mann died intestate; which judgment was entered on the minutes of the Court of Ordinary.

From this judgment the executor entered an appeal to the Superior Court.

Pending this appeal Lewis Mann was sued as executor of James Mann, and a judgment recovered against him, upon which execution issued, and which was levied upon the lot of land in dispute. The land was sold by the Sheriff and purchased by defendants or those under whom they claimed.

After this sale by the Sheriff, the case pending on appeal from the judgment of the Ordinary aforesaid, was dismissed. After the appeal was dismissed, the Ordinary granted admin-. istration on the estate of said James Mann, deceased, to James Mann and James T. Rape, who bring this suit. James Mann died in February, 1839, and the child was born in June thereafter. The defendants were in possession at the commencement of the action.

The cause being closed, counsel for plaintiff requested the Court to charge the jury :

1st. That if the suit was commenced against Lewis Mann, as executor of James Mann, deceased, and a judgment obtained, under which the land was sold, after the judgment of the Ordinary was entered, setting aside the will, and declaring the estate of James Mann intestate, and revoking the letters testamentary, and that said judgment of the Ordinary is unreversed, then the sale of the land by the Sheriff conveyed no title to the purchaser, and the jury must find for the plaintiff.

2d. That, under the facts agreed on in this case, the plaintiff is entitled to recover.

3d. That the appeal from the judgment of the Court of Ordinary did not destroy the force and effect of the judgment. It was only a proceeding to reverse the judgment, and the appeal being dismissed, the judgment stands in full force from its date, and being in force when the judgment was ob-

Thompson et al. vs. Knight et al.

tained, under which the land was sold, that sale is void, and the plaintiff is entitled to recover,

All of which the Court refused to charge, but charged the jury that, according to the facts agreed on in this case, and about which there is no dispute, the sale of the land by the Sheriff under the execution obtained, as admitted by the parties, was valid, and passed the title to the land to the purchaser at Sheriff's sale.

To which charge and refusal to charge counsel for the plaintiff excepts.

WARREN AKIN, and A. B. CULBERSON, for plaintiff in error.

J. R. ALEXANDER, for defendants in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

When the letters testamentary issued to Lewis Mann upon the estate of his deceased brother, James Mann, were revoked by the judgment of the Ordinary, his authority was suspended at least, until the trial of the appeal. And his appeal having been dismissed, the first judgment took full force and effect; and the intermediate acts done by the executor, especially in suffering a judgment against him and the sale of the real estate of his testator, were void. And the purchaser under the sale, took no title. If ever there was a case where the doctrine of *lis pendens* applied, it was this. 2 *Bailey R.* 480, 483; 1 *Wend.* 516; 1 *Kelly* 92; 8 *Cranch* 9; 3 *Curtis* 1.

Judgment reversed.