sonably safe condition, so that a person can pass thereon in safety by day or night; and for neglect to do so it will be liable for injuries caused thereby. If the defect has existed for some time, the city is chargeable with notice thereof, and if it could have ascertained the defect, its failure to do so is negligence on its part, and its liabitity is the same as if it had notice of such defect. It was therefore error to charge that "the defect must have been of such a character, so open and so notorious, and existed such a length of time in the judgment of the jury, to charge the city with notice."

Judgment reversed.

Read & Candler; Reuben Arnold, for plaintiff in error.

W. T. Newman; E. A. Angier, for defendant.

---

WICKSON *vs.* WILLIAMS, *et al.*

APPEAL, FROM MADISON. New Trial. (Before Judge Lumpkin.)

Blandford, J.—The plea to an action being failure of consideration, the evidence being conflicting, the jury having found in favor of the defendant, and the presiding judge having exercised his discretion in refusing to grant a new trial on the ground that the verdict was contrary to law and the evidence, this court will not interfere.

Judgment affirmed.

Barrow & Thomas, for plaintiff in error.

No appearance for defendants. ·

---

*Decision Rendered Wednesday, February 10, 1886.*

---

SEYMOUR *et al. vs.* ALMOND *et al.*

PROHIBITION, FROM ELBERT. Elections. Ordinary. Prohibition. Equity. Courts. Officers. (Before Judge Lumpkin.)

Jackson, C. J.—1. The writ of prohibition issues only to prohibit action by an inferior court. The ordinary, in respect to an election to decide the question of fence or no fence, is not a court, but an officer of the body politic of the State, to whom is confided the ordering, supervision and announcement of the result of an election on that issue.

2. If he acted in these matters as a court, the writ of prohibition would issue only to stop him from acting as such, if the subject matter

was beyond his jurisdiction. In this case the subject matter is entirely within the jurisdiction of this officer and none other.

3. No court is permitted by the statute, authorizing this election and the decision thereon by the ordinary, to interfere therein. This court so decided, and at a subsequent session, the legislature have not altered the statute so construed.

4. Even if the superior court had jurisdictional power to intervene by prohibition, it ought not to do so before some action by the ordinary was had, indicating plainly that officer would adjudicate, if a judicial offi. cer, or would act, if a mere official quoad hoc of the political power of the state, contrary to right, justice and truth, so plainly showing that he would so act or adjudge as to overcome the presumption that every public officer will do right until the contrary is manifest. 3 Chitty's Bl., 111-114; Wells Jur,, §§516, 517, 48; High Ex. Rem., §§768, 771, 772, 777, 780, 782, 784, 790; Wood Mand., 101, 113, 115, 148, 149; Code, §3209; 61 Ga., 156; Code, §1455; 69 Ga., 280, 283; 71 Id., 205; Skrine *et al. vs.* Jackson *et al.* Caldwell *et al. vs.* Barrett *et al.*, (September term, 1884).

Judgment affirmed

W. M. & M. P. Reese; John T. Osborn; John C. Reed, for plaintiffs in error.

J. P. Shannon; J. N. Worley; H. J. Brewer; H. A. Roebuck; W. N. Harris; F. H. Colley, for defendants.

*Decisions Rendered February 17, 1886.*

## Maynard *vs.* Cleveland.

Equity, from Monroe. Continuance. Practice in Superior Court. Witness. Trusts and Trustees. Payment. Fraud. Evidence. Interrogatories. (Before Judge Stewart.)

[Hall, J., being disqualified, Judge Clarke, of the Pataula circuit, presided in his stead.]

Clarke, J.—1. While continuances are in the discretion of the court, and the refusal thereof will, ordinarily, not afford ground for a new trial, unless the discretion is abused ; yet where the record shows that where the discretion was not freely used, but was controlled and constrained by an erroneous notion of the law, this furnishes a distinct ground of review to a court established for the correction of errors of law.

2. Where a party has been, honestly and without indiscretion on his part, misled by a witness to rely upon his testimony on a certain material point, and has thereby been kept from summoning another