POPE *v.* COLBERT.

The writ of prohibition is designed to prevent the performance of some official act unauthorized by law, and not to relieve against the consequences of such an act. Accordingly, where a county judge had declared a county office vacant and had ordered an election to fill the vacancy, it was too late to "prohibit and direct him to abstain and desist from proceeding further to have said election." Whether the county judge originally had authority to pass such an order or not, and if so, whether or not it was rightly passed in the given case, it is certain that after the order was in fact passed he had no further jurisdiction or control over the matter.

April 29, 1895. Brought forward from the last term. Code, §4271(a-c).

Petition for prohibition. Before Judge BUTT. Taylor county. February 23, 1895.

A. E. THORNTON and C. J. THORNTON, for plaintiff.

W. S. WALLACE, for defendant.

SIMMONS, Chief Justice.

Pope presented to the judge below a petition for a writ of prohibition against the county judge of Taylor county, in which he alleged that he had been duly elected sheriff of that county, and that he had executed and filed his bond as such sheriff, as by statute provided, but that the county judge was endeavoring to have an election held in the county for sheriff, and had issued an order to that effect, declaring therein that a vacancy exists in the office because of petitioner's failure to give bond and qualify as sheriff of the county. He prayed

that the writ of prohibition issue, directed to the county judge, directing him to abstain from proceeding further to cause said election. The petition contained other allegations, to the effect that the county judge has no jurisdiction and power over the election, bond and qualification of petitioner, as county judge or otherwise; but in the view we take of the case it is unnecessary to consider these allegations. Whether the county judge originally had authority to pass such an order or not, and if so whether it was rightly passed or not, it is certain that after the order was in fact passed, he had no further jurisdiction or control over the matter. The election having been ordered, the matter had passed out of his hands, and a writ of prohibition would therefore have no office to perform. The writ of prohibition lies to "arrest" or prevent the performance of an official act unauthorized by law, but does not lie to relieve against the consequences of such an act. (Code, §3209(a); 19 Am. & Eng. Enc. of Law, "Prohibition," p. 264.) The court below did not err, therefore, in refusing to grant the writ prayed for.     *Judgment affirmed.*