### DICKEY, sheriff, *et al.* v. MORRIS.

A judge of the superior court has jurisdiction to entertain, on habeas corpus, an application to lessen the amount of bail previously fixed by a judge of a city court on request of one accused of several violations of the State prohibitory liquor law.

No. 6302. MARCH 14, 1928.

Bail, 6 C. J. p. 959, n. 58; p. 990, n. 14.

Habeas corpus. Before Judge Strange. Screven superior court. October 3, 1927.

*J. H. Howard,* for plaintiffs in error.

*H. A. Boykin* and *Anderson & Jones,* contra.

HINES, J. Morris was arrested under seven warrants charging him with seven separate and distinct violations of the State prohibition law. Upon these warrants separate accusations were preferred against him in the city court of Sylvania. On being arraigned he asked the judge of that court to fix the amount of his bail in each of said cases, so that he could arrange bonds. The judge fixed his bail at $2000 in each of these cases. He made no formal application to the court to fix the amount of his bonds in these cases, and no formal order was granted by the court fixing the amount of his bonds. Failing to give bonds for such amount in the seven cases pending against him in the city court, he was committed to the jail of Screven County. He offered to give bail in each case in the sum of $500, with good and sufficient securities; but the sheriff of the city court and the sheriff of the county, the latter being jailer, refused to receive said bonds, and required him to give bond in the sum of $2000 in each of said cases, and refused to receive bail in any sum less than said amount. Thereupon he made application to the judge of the superior court for the writ of habeas corpus against the sheriff of the city court and the sheriff of the county, in which he alleged that the bail required of him was excessive, and by reason of this fact his detention in jail under said warrants was illegal; and he sought to have his bail fixed or lessened by the judge of the superior court. The officers moved to quash the application, upon the grounds, (1) that it set forth no cause of action; (2) that the judge of the superior court had no jurisdiction to entertain the application for habeas corpus, since it was based upon criminal proceedings in the city court; and (3) that the present proceeding had been resorted to as a substitute for certiorari, and was an effort to have the superior court review the decision of the city court of Sylvania in committing the defendant to jail and fixing the amount of bail required. The judge overruled the motion to quash, and the defendants excepted. After hearing the evidence upon the application for habeas corpus, the judge passed an order fixing the bail of the applicant at $1000 in each of the cases pending against him in the city

court, and directed that he be discharged upon the giving of said bonds with certain named sureties. To this order the respondents excepted, assigning upon the ground that it was contrary to law.

. 1. The accused in all criminal cases less than capital felonies, before trial, is entitled to bail, at least twice, as a matter of right and not as a matter of discretion. *Newsome* v. *Scott, 151 Ga.* 639 (107 S. E. 854). The judges of the superior courts have authority "to hear and determine questions arising upon writs of habeas corpus or bail, when properly brought before them; all motions to grant, revive, or dissolve injunctions, to give new security or lessen the amount of bail; and to perform any and all other acts required of them at chambers." Penal Code, § 792; *Maddox* v. *Cowart, 155 Ga.* 606 (118 S. E. 39).

2. The applicant having been arrested upon seven warrants charging him with violations of the State prohibition law, upon which accusations were preferred against him in the city court, and upon being arraigned he having asked the judge of the city court to fix the amount of bail in order that he might give bonds in such cases, and the judge of the city court having fixed the amount of his bail in each case at $2000, there being no formal application to him for such purpose, and no formal order passed so fixing the amount of bail, and the accused having been committed to jail upon his failure to give bond in such sum in each of the cases, the judge of the superior court was not without jurisdiction to entertain, on habeas corpus, a petition to lessen the amount of bail so fixed by the judge of the city court. Even if the bail had been fixed by the judge of the city court by a formal order upon a formal application to have it fixed, the judge of the superior court, under the power conferred by the Code (supra), was authorized to lessen the bail fixed by the judge of the city court.

*Judgment affirmed. All the Justices concur.*