## MARTIN *et al. v.* CRAWFORD *et al.*

No. 15211.   July 3, 1945.

*Lester F. Watson* and *E. L. Rowland,* for plaintiffs in error.

*J. Roy Rowland,* contra.

ATKINSON, Justice. (After stating the foregoing facts.) Construing the petition, with the view of determining whether it sets forth a cause of action for the writ of prohibition, it is clear that no proper cause is pleaded for that remedy. Prohibition is. the counterpart of mandamus. It is to restrain subordinate courts and inferior judicial tribunals from exceeding their jurisdiction, where no other legal remedy or relief is given. Code, § 64-301. It is a writ to prevent a tribunal possessing judicial powers from exercising jurisdiction over matters not within its cognizance, or from exceeding its jurisdiction in matters of which it has cognizance. *City of Macon* v. *Anderson,* 155 *Ga.* 607 (2) (117 S. E. 753); *Jackson* v. *Calhoun,* 156 *Ga.* 756 (120 S. E. 114); *Wright* v. *Wood,* 178 *Ga.* 273 (173 S. E. 138); *Dover* v. *Greer,* 180 *Ga.* 45 (178 S. E. 297). In reference to the order of the justice of the peace appointing the constable, this had been executed and had passed out of his hands, and a writ of prohibition would therefore have no office to perform, in so far as the order itself was concerned. "The writ of prohibition lies to 'arrest' or prevent the performance of an official act unauthorized by law, but does not lie to relieve against the consequences of such an act." *Pope* v. *Colbert,* 95 *Ga.* 791 (22 S. E. 703). In so far as the averments of the petition seek the writ of prohibition, to have the justice of the peace cease delivering the described official documents to the new constable, and to have the new constable cease serving the various documents; it appears that the allegations are general and no specific and definite act relating to any pending action or proceeding is alleged. In *Jackson* v. *Calhoun,* supra (p. 759), it is stated: "It may be safely held that it is only when there is something in the nature of the action or proceeding that makes it apparent that the rights of the parties litigant can not be adequately protected by any other

remedy than by the writ of prohibition that the writ should be granted." Before the writ of prohibition should issue, there must be some pending action or proceeding upon which the writ could apply and prohibit some act of a judicial tribunal from exercising jurisdiction over matters not within its cognizance, or from exceeding its jurisdiction in matters of which it has cognizance. Prohibition can only operate to restrain a pending action or proceeding. *Mealing* v. *Augusta, Dudley,* 221.

If the petition and prayers be construed as an attempt to secure the relief sought by an injunction, there would be no proper cause of action pleaded, as the proceeding is predicated upon the issue of title to a public office, and injunction is not a primary remedy to determine that question. *Davis* v. *Dawson,* 90 *Ga.* 817 (3) (17 S. E. 110) ; *Moore* v. *Dugas,* 166 *Ga.* 493 (5) (143 S. E. 591) ; *Davis* v. *Matthews,* 169 *Ga.* 321 (150 S. E. 158) ; *Sweat* v. *Barnhill,* 170 *Ga.* 545 (153 S. E. 364). Nor is there any contrary ruling made in *Patten* v. *Miller,* 190 *Ga.* 105 (8 S. E. 2d, 776), or in *Cummings* v. *Robinson,* 194 *Ga.* 336 (21 S. E. 2d, 627), as in each of those cases there were allegations to the effect that the party sought to be enjoined was interfering with the petitioners in the actual performance of their official duties, while no such allegations are made in the instant case.

Accordingly, the court erred in overruling the demurrer; and further proceedings in the case were nugatory.

*Judgment reversed. Bell, C. J., Jenkins, P. J., Duckworth and Wyatt, JJ., concur.*