### REID v. PERKERSON.

CANDLER, Justice. The Mayor and Council of Valdosta, on June 10, 1944, ordained: "That from and after the passage of this ordinance it shall be unlawful for any person, either for himself, or as agent of another, to have in his possession in said city, any ticket, number, or anything else, representing a chance in any lottery, gift enterprise, or other similar scheme or device, irrespective of whether such lottery, gift enterprise, or other similar scheme or device is operated or is to be operated in the City of Valdosta or not, provided such possession of same by such person is held for the purpose of engaging in or participating in any such lottery, gift enterprise, or other similar scheme or device." A fine not to exceed $200, or imprisonment not to exceed ninety days, was prescribed as a punishment for its violation, and the ordinance further provided: "The possession in said city by any person of any such ticket, number, or anything else, representing a chance in any lottery, gift enterprise, or other similar scheme or device, shall be prima facie evidence of the violation of this ordinance by such person." On February 11, 1950, Georgia Reid was arrested without a warrant by members of the police force for the City of Valdosta, and charges were

docketed against her for violating the above ordinance and for the possession of tax-unpaid whisky. In each case bail bond in the penal sum of $500 was required for her appearance in the recorder's court, and on her failure to post the same she was committed to the city's jail. Her husband, Willie Reid, brought habeas corpus against Wilbur Perkerson, the city's chief of police, for her release. His petition for the writ, after being amended, alleged that her arrest, confinement, and detention were illegal for these reasons: 1. She was arrested by the city's officers without a warrant. 2. Excessive bail was required for her appearance in the recorder's court to answer the pending charges. 3. The city's ordinance of June 10, 1944, is unconstitutional and void because: (a) It dealt with a subject and penalized an act which was fully covered by existing State-wide penal statutes as codified by sections 26-6501 and 26-6502 in the Code of 1933; and (b) the provisions of the ordinance, which made the possession of a ticket, number, or anything else, representing a chance in any lottery, gift enterprise, or other similar scheme or device, prima facie evidence of its violation are arbitrary, discriminatory, and unreasonable. 4. The charge for possessing tax-unpaid whisky was "nothing but a subterfuge to evade the State law," and was violative of several enumerated constitutional rights, including the right of trial by jury. It was also alleged that the accused was ready and willing to give reasonable bail for her appearance in a State court to answer the offenses with which she was charged. The respondent demurred generally to the petition as failing to state a cause of action for the relief sought, and as showing on its face that the detention complained of was legal. The court sustained the demurrer and remanded the accused to the custody of the respondent. The exception is to that judgment. *Held:*

1. Where an application for the writ of habeas corpus affirmatively shows on its face, as here, that the restraint is legal, the judge to whom the writ is returned has power, on general demurrer, to dismiss the writ and remand the prisoner. In such a case, the general demurrer, under our practice, serves the purpose of a motion to quash the writ for insufficiency of allegation. *Smith* v. *Milton,* 149 *Ga.* 28 (98 S. E. 607); *Coleman* v. *Grimes,* 154 *Ga.* 852 (115 S. E. 641); *Kinman* v. *Clark,* 185 *Ga.* 328 (195 S. E. 166); *Morris* v. *Aderhold,* 201 *Ga.* 533 (40 S. E. 2d, 747).

2. The unconstitutionality of a statute or city ordinance under which a detention is sought to be sustained, generally is ground for relief on habeas corpus either before or after conviction or commitment for its violation. 39 C.J.S. 458, § 18; *Moore* v. *Wheeler,* 109 *Ga.* 62 (35 S. E. 116), and citations; *White* v. *Hornsby,* 191 *Ga.* 462 (12 S. E. 2d, 875). "An unconstitutional enactment is never a law; and if there can be a case in which a conviction is illegal and without jurisdiction, it seems that such a case is presented when it appears that either there is no law making criminal the alleged crime or authorizing its prosecution in the court wherein the sentence has been imposed." 2 Freeman on Judgments 1092, § 634.

3. There is no merit in the contention presently made that the person detained was entitled to a discharge from custody because she was illegally arrested. In *Holder* v. *Beavers,* 141 *Ga.* 217 (80 S. E. 715),

this court said: "The applicant insists that the procedure subsequent to his arrest wás void, because his arrest was unlawful. But this point is not tenable. There is a clear distinction between a want of jurisdiction over the person and the subject-matter, and an irregularity in obtaining jurisdiction over the person. The bare fact that a person is unlawfully arrested and brought before a court of competent jurisdiction wherein a charge is preferred against him according to its procedure, does not show such want of jurisdiction as would authorize his discharge on habeas corpus in advance of his trial." But in the instant case we should rot be understood as holding or intimating, from what has been said above, that the arrest of the accused was in fact illegal.

4. Excessive bail is prohibited by article 1, section 1, paragraph 9, of the Constitution of 1945. The accused in all criminal cases less than capital felonies, before trial, is entitled to bail, at least twice, as a matter of right and not as a matter of discretion. *Newsome* v. *Scott,* 151 *Ga.* 639 (107 S. E. 854). Excessive bail is the equivalent of a refusal to grant bail, and in such a case habeas corpus is an available and appropriate remedy for relief. *Dickey* v. *Morris,* 166 *Ga.* 140 (142 S. E. 557). But, according to our practice and procedure, the amount of bail to be assessed in each criminal case is left to the sound legal discretion of the court required to fix it and, in the absence of a flagrant abuse of such discretionary power, his action will not be controlled. *Lester* v. *State,* 33 *Ga.* 192; *Bishop* v. *Wilbanks,* 161 *Ga.* 305 (130 S. E. 819). In this case, it can not be said as a matter of law that the accused was required to furnish excessive bail. See *Sanders* v. *Paschal,* 186 *Ga.* 837 (199 S. E. 153).

5. The Code, § 26-6502, declares: "Any person who, by himself or another, shall keep, maintain, employ, or carry on any lottery or other scheme or device for the hazarding of any money or valuable thing, shall be guilty of a misdemeanor." And "Any person who, either by himself or his agent, shall sell or offer for sale, or procure for or furnish to any person any ticket, number, combination, or chance, or anything representing a chance, in any lottery, gift enterprise, or other similar scheme or device, whether such lottery, gift enterprise or scheme shall be operated in this State or not, shall be guilty of a misdemeanor." § 26-6501. Valdosta's ordinance of June 10, 1944, made the mere act of possessing a ticket, number, or anything else, representing a chance in any lottery, gift enterprise, or other similar scheme or device with an intent to use it for the purpose of patronizing a lottery, gift enterprise, or other similar scheme or device, unlawful. Obviously, and without the necessity of argument, the ordinance under attack does not violate the well-established rule that a municipal corporation cannot legislate on subjects already made offenses and punishable by the laws of the State.

6. Neither article 1, section 1, paragraph 3 of the State Constitution of 1945 nor the Fourteenth Amendment of the Constitution of the United States is offended, as the plaintiff in error contends, by that section of Valdosta's ordinance which declares that possession of a ticket, number, or anything else representing a chance in a lottery, gift enterprise, or other similar scheme or device, shall be prima facie evidence of its

violation. See *Carter* v. *Lowery,* 169 *Ga.* 515 (151 S. E. 23); *Johnson* v. *State,* 203 *Ga.* 147 (45 S. E. 2d, 616); *Collins* v. *State,* 206 *Ga.* 95 (55 S. E. 2d, 599). Compare Manley *v.* State of Georgia, 279 U. S. 1 (49 Sup. Ct. 215, 73 L. ed. 575). In the Manley case, the court said: "State legislation, declaring that proof of one fact or group of facts shall constitute prima facie evidence of the main or ultimate fact in issue, is valid if there is a rational connection between what is proved and what is to be inferred. If the presumption is not unreasonable and is not made conclusive of the rights of the person against whom raised, it does not constitute a denial of due process of law." The presumption which arises under Valdosta's ordinance from the possession of gambling paraphernalia is a rebuttable one, and is not, as urged, arbitrary and unreasonable. Lottery tickets or numbers are articles of unusual character. They are not likely to be found in the hands of innocent parties, and their possession indicates their use or intended use; it may well raise some reasonable inference against the possessor, in the absence of explanation

7. On the hearing of an application for habeas corpus, the only question to be determined by the court is the legality of the detention. *Paulk* v. *Sexton,* 203 *Ga.* 82 (45 S. E. 2d, 768), and citations. In the instant case, and for reasons stated above, the petition affirmatively shows a legal detention under one of the pending charges, and that being true, it is unnecessary for us to make any ruling on the validity of the other charge.

*Judgment affirmed. All the Justices concur, except Duckworth, C.J., Atkinson, P.J., and Head, J., who dissent.*

No. 17091. JUNE 12, 1950.

*J. T. Edwards,* for plaintiff.
*Langdale, Smith & Tillman,* for defendants.