26472.   ALMAND et al. v. BROCK.

Argued April 13, 1971—Decided May 6, 1971.

*Thomas W. Ridgway, District Attorney, John T. Strauss,* for appellants.

*Robert D. Peckham, John R. Bennett,* for appellee.

Nichols, Justice. 1. *Code* § 64-301 provides: "The writ of prohibition may be granted in vacation. It is the counterpart of mandamus, to restrain subordinate courts and inferior judicial tribunals from exceeding their jurisdiction, where no other legal remedy or relief is given; and the granting or refusal thereof is governed by the same principles of right, necessity and justice. The return must be in term."

In *Byrd v. McLucas,* 194 Ga. 40, 42 (20 SE2d 597), Mr. Justice Jenkins, speaking for the court said: "The judge properly dismissed upon general demurrer the petition for a writ of prohibition, since such a writ is available only where there is lack of jurisdiction of the subject-matter, or where the act complained of

was in excess of the jurisdiction of the court or tribunal (*City of Macon v. Anderson,* 155 Ga. 607, 614 (117 SE 753); *Beavers v. Armistead,* 156 Ga. 833 (3) (120 SE 526)); and it will be presumed that the processioners, having jurisdiction of the subject-matter, in passing upon their jurisdiction will not yet act beyond their proper legal functions."

No contention is made that the magistrate's court of Clarke County does not have authority to act as a court of inquiry for the purpose of determining if the prisoner should be committed; nor is it contended that a judgment so committing the prisoner would be in excess of the court's jurisdiction. The sole contention is that the court did not exclude testimony objected to as hearsay upon the hearing.

In *Cannon v. Grimes,* 223 Ga. 35, 36 (153 SE2d 445), it was said: "While a cross examination of the State's witnesses at a commitment hearing can result in the defense attorney obtaining valuable information which will aid in the trial of the case should the defendant be later brought to trial, it must be remembered that the function of a commitment hearing 'is to authorize the keeping in custody of one accused with probable cause of committing a crime, pending determination by the grand jury from evidence presented to it that he should stand trial for the offense.' *Blake v. State,* 109 Ga. App. 636, 640 (137 SE2d 49); *Molignaro v. Balkcom,* 221 Ga. 150, 151 (143 SE2d 748)." *Code* § 27-407 provides: "The duty of the court of inquiry is simply to determine whether there is sufficient reason to suspect the guilt of the accused, to require him to appear and answer before the court competent to try him; and whenever such probable cause exists, it is the duty of the court to commit."

In *Pope v. Colbert,* 95 Ga. 791 (22 SE 703), it was held that a writ of prohibition will not lie after the judgment sought to be restrained has been issued.

In the present case the order binding the prisoner over to the grand jury had been rendered prior to the institution of the present action and under the above cited case no writ of prohibition as to such judgment would lie.

As to the grand jury no writ of prohibition will lie, since it is not an inferior court. *Seymour v. Almond,* 75 Ga. 112. As was

held in *Cook v. Sikes,* 210 Ga. 722, 727 (82 SE2d 641), "The grand jury as a body and its members individually, being an arm of the law and a part of the machinery of government, are not subject to question in any court for its or their action in the performance of grand jury duties, and no rule of law of which we have any knowledge is better settled than this. *Code* § 105-807; *Thornton v. Marshall,* 92 Ga. 548 (17 SE 926); United States v. Smyth, 104 FSupp. 283."

If a grand jury exceeds its authority, any person hurt thereby is not without a remedy. Compare *Kelley v. Tanksley,* 105 Ga. App. 65 (123 SE2d 462), as to matters other than indictments. As to indictments the remedy is a motion to quash if no indictable crime is alleged.

The district attorney, including any assistant district attorney, cannot be classified as an inferior court so as to be subject to a writ of prohibition.

As to the remaining requirement that a writ of prohibition will lie only "where no other legal remedy or relief is given," the petitioner was entitled to bail and if the bail set is excessive, a writ of habeas corpus would lie (*Reid v. Perkerson,* 207 Ga. 27 (4) (60 SE2d 151); *Dickey v. Morris,* 166 Ga. 140 (142 SE 557), and under the Act of 1969 (Ga. L. 1969, p. 72; *Code Ann.* § 27-911), the court could order the prisoner released on his own recognizance.

The trial court erred in overruling the respondents' motion to dismiss for failure to state a claim, and in thereafter granting the writ of prohibition.

*Judgment reversed. All the Justices concur.*