## S99A1816. STOKES v. EDWARDS.
(526 SE2d 853)

BENHAM, Chief Justice.

The Griffin-Spalding County Board of Education (Board) filed a petition with the Governor pursuant to the Code of Ethics for Members of Boards, Commissions, and Authorities (OCGA § 45-10-3 et seq.) (Code of Ethics) for the removal of Oscar Stokes, Jr. from his position as a member of the Board. Based on the recommendation of an administrative law judge, the Governor entered an order dismissing the petition on jurisdictional grounds. Upon judicial review of that decision, the superior court reversed the order and remanded the matter to the Governor. Stokes's application for discretionary review of that judgment by the Court of Appeals was denied, and a direct appeal to this Court was dismissed on a procedural ground. Stokes then filed with this Court a petition for writ of prohibition against the trial court judge, which was dismissed under *Brown v. Johnson*, 251 Ga. 436 (306 SE2d 655) (1983). Stokes next filed a petition for writ of prohibition against the trial judge in Spalding County Superior Court. The denial of that petition is the subject of this appeal.

The writ of prohibition "is a writ to prevent a tribunal possessing

judicial powers from exercising jurisdiction over matters not within its cognizance, or from exceeding its jurisdiction in matters of which it has cognizance. [Cits.]" *Martin v. Crawford*, 199 Ga. 497 (34 SE2d 699) (1945). See, e.g., *Ormond v. Ball*, 120 Ga. 916 (48 SE 383) (1904), holding that the writ would lie to enjoin a citation of contempt entered by a justice of the peace in excess of that official's power. The writ is available only where the court sought to be restrained lacks subject-matter jurisdiction or acts in excess of its jurisdiction, and is not generally available for the relief of grievances which may be redressed in the ordinary course of judicial proceedings. *Henry v. James*, 264 Ga. 527 (2) (449 SE2d 79) (1994).

Stokes's petition ran afoul of both the restrictions stated above. First, the superior court had subject-matter jurisdiction of appeals from decisions arising under the Administrative Procedure Act (OCGA § 50-13-19 (b)), which is the procedural authority controlling review of decisions in proceedings brought under the Code of Ethics (OCGA § 45-10-4). Second, the superior court's judgment was subject to appellate review. OCGA § 50-13-20. Thus, under *Henry v. James*, supra, since the superior court which reviewed the decision under the Code of Ethics had subject-matter jurisdiction, and Stokes had an available remedy in the form of appellate review, the trial court was correct in denying Stokes's petition for a writ of prohibition.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 31, 2000 —
RECONSIDERATION DENIED FEBRUARY 25, 2000.

*Michael B. King*, for appellant.

*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, Rebecca S. Mick, Assistant Attorney General*, for appellee.

S00A0711. IN RE R. M. C.
(525 SE2d 100)