## S06A0344. RAY v. JOLLES et al.
### (629 SE2d 250)

HINES, Justice.

This is an appeal from the superior court's denial of an application for a writ of prohibition seeking to restrain the probate court from appointing a temporary administrator and the appointee from acting as such. For the reasons which follow, the appeal is without merit, and we affirm the denial of the application.

Clyde Ray was appointed administrator of the estate of his sister, Thelma R. Allgood.[1] National Health Investors, Inc. ("NHI"), a major creditor of the estate,[2] petitioned the Probate Court of Richmond County to remove Ray as administrator. Following a hearing in the matter, Judge Isaac S. Jolles of the Probate Court of Richmond County entered an order, inter alia, removing Ray as administrator of the estate for breach of his fiduciary duties. Ray appealed the probate court's removal order to the Court of Appeals. The probate court ordered Ray to post a supersedeas bond in the amount of $360,000, and Ray failed to do so. The probate court then appointed Floyd E. Propst temporary administrator of the estate pendente lite. Ray attempted to appeal this appointment to the Court of Appeals, but the attempt was dismissed by that Court as procedurally defective. Ray next filed the instant application for a writ of prohibition against Judge Jolles and Propst in the Superior Court of Richmond County, asking that the superior court "command" the probate court and Propst to "refrain and desist" from taking any further action regarding the estate, pending the outcome of the appeal to the Court of Appeals of Ray's removal as administrator. NHI was granted permission to intervene to respond to Ray's application for a writ of prohibition. Following a hearing, the superior court found no basis for granting the writ. The court expressly concluded that Ray lacked standing in his individual capacity to seek the writ of prohibition; a writ of prohibition was not an available remedy inasmuch as the acts sought to be restrained and prohibited had already occurred; the probate court was not an inferior or subordinate court so as to be

---

[1] Ray was appointed administrator cum testamento annexo (c.t.a.).
[2] Pursuant to the consent of the parties, NHI obtained a judgment against the estate in federal court in the amount of $29,796,003.91, plus interest.

subject to a writ of prohibition from the superior court; and Ray had an adequate remedy at law.

Pretermitting questions of Ray's standing, timeliness, access to other remedies, and the probate court being subject to the writ, Ray's application for the writ of prohibition fails for the most basic of reasons. The purpose of a writ of prohibition is "to prevent a tribunal possessing judicial powers from exercising jurisdiction over matters not within its cognizance, or from exceeding its jurisdiction in matters of which it has cognizance." *Stokes v. Edwards*, 272 Ga. 98, 99 (526 SE2d 853) (2000). It is "available only where the court sought to be restrained lacks subject-matter jurisdiction or acts in excess of its jurisdiction." Id. Here, the probate court certainly did not lack subject matter jurisdiction, nor did it act in excess of its authority in appointing a temporary administrator for the estate.

OCGA § 53-6-30 (a) provides:

The probate court may at any time and without notice grant temporary letters of administration on an unrepresented estate to continue in full force and effect until the temporary administrator is discharged or a personal representative is appointed.

When Ray was removed as administrator of the estate of his deceased sister, his authority to act on behalf of the estate was suspended, at least until the outcome of the appeal of his removal. *Doe v. Roe*, 23 Ga. 399 (1857). Thus, the estate is essentially unrepresented during the pendency of Ray's appeal, giving the probate court authority to appoint a temporary administrator.[3] Compare *Fite v. Black*, 85 Ga. 413 (11 SE 782) (1890), which did not involve the appointment of a *temporary* administrator. To conclude otherwise would leave the estate in either the untenable situation of continuing to be represented by one found by the probate court to be in breach of his fiduciary duties,[4] or the precarious position of being unprotected by virtue of a lack of representation. Indeed, when the question of the proper representation of an estate is in litigation, the probate court is

---

[3] Ray complains that the procedure used by the probate court "bypassed the requirement of citation to the heirs at law and eliminated all input of the heirs of the estate in the selection process of an administrator" in violation of OCGA §§ 53-6-20 thru 53-6-23. However, this ignores the fact that what is at issue here is the appointment of a temporary administrator, governed by OCGA § 53-6-30, which provides that the appointment may be "without notice" and to one that the probate court "determines to be in the best interests of the estate."

[4] This Court makes no ruling on the propriety of the probate court's findings and directives regarding Ray's removal as administrator of the estate.

obligated to appoint temporary representation for the estate, pendente lite. *Walker v. Dougherty*, 14 Ga. 653 (3) (1854). Accordingly, the denial of the application for the writ of prohibition is affirmed.[5]

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 25, 2006.

*William J. Cooney*, for appellant.

*Jay M. Sawilowsky, Stites & Harbison, J. D. Humphries III, Samantha L. Imber*, for appellees.

---

[5] Our decision renders it unnecessary to consider the effect of Ray's failure to post the ordered supersedeas bond.