301 Ga. 391
FINAL COPY

S17A0082.  SEXUAL OFFENDER REGISTRATION REVIEW BOARD
v. BERZETT.

HINES, Chief Justice.

This is an appeal by the Sexual Offender Registration Review Board from a final order of the Superior Court of Fulton County declaring that OCGA § 42-1-14, which sets forth a procedure for the classification of sexual offenders according to their recidivism risks and in subsection (e) requires any "sexually dangerous predator" to wear and pay for an electronic GPS monitor for the rest of his life,[1] violates several provisions of the United States and Georgia

---

[1] OCGA § 42-1-14 (e) provides:
> (e) Any sexually dangerous predator shall be required to wear an electronic monitoring system that shall have, at a minimum:
>> (1) The capacity to locate and record the location of a sexually dangerous predator by a link to a global positioning satellite system;
>> (2) The capacity to timely report or record a sexually dangerous predator's presence near or within a crime scene or in a prohibited area or the sexually dangerous predator's departure from specific geographic locations; and
>> (3) An alarm that is automatically activated and broadcasts the sexually dangerous predator's location if the global positioning satellite monitor is removed or tampered with by anyone other than a law enforcement official designated to maintain and remove or replace the equipment.
> Such electronic monitoring system shall be worn by a sexually dangerous predator for

Constitutions. In that order, the superior court also issued a writ of prohibition against the Board. For the reasons that follow, we vacate the superior court's judgment and remand the case with direction that it be dismissed.

On April 5, 2006, Kenneth Berzett pled guilty to child molestation, and in 2009, the Board classified him as a sexually dangerous predator. See OCGA § 42-1-14 (a). In 2014, the Board granted Berzett's request for an out-of-time reevaluation of his classification, but ultimately upheld its classification decision. See OCGA § 42-1-14 (b). Berzett then petitioned the superior court for judicial review of his classification, see OCGA § 42-1-14 (c), and, in a separate action, he simultaneously filed a petition for declaratory judgment, alleging that OCGA § 42-1-14 is unconstitutional and also seeking injunctive relief against enforcement or application of the electronic monitoring

the remainder of his or her natural life. The sexually dangerous predator shall pay the cost of such system to the Department of Community Supervision if the sexually dangerous predator is under probation or parole supervision and to the sheriff after the sexually dangerous predator completes his or her term of probation and parole or if the sexually dangerous predator has moved to this state from another state, territory, or country. The electronic monitoring system shall be placed upon the sexually dangerous predator prior to his or her release from confinement. If the sexual offender is not in custody, within 72 hours of the decision classifying the sexual offender as a sexually dangerous predator in accordance with subsection (b) of this Code section, the sexually dangerous predator shall report to the sheriff of the county of his or her residence for purposes of having the electronic monitoring system placed on the sexually dangerous predator.

2

requirement.  As to the petition for judicial review, the superior court affirmed the Board's classification of Berzett and denied his request for relief, and Berzett did not appeal the superior court's decision.

Meanwhile, the Board filed a motion to dismiss the declaratory judgment action.  After the final decision on the petition for judicial review, the Board asserted in a supplement to its motion to dismiss that Berzett's request for declaratory judgment had become moot because there was no longer an active controversy between Berzett and the Board, any ruling on the constitutionality of OCGA § 42-1-14 would have no practical effect on Berzett, and he no longer faces uncertainty as to any future undirected action.  Although the superior court dismissed one of Berzett's constitutional claims, it denied the Board's motion to dismiss as to all other claims, deciding that, inter alia, those claims are not moot and a petition for declaratory judgment is a proper vehicle for raising them. On subsequent cross-motions for summary judgment, the superior court granted summary judgment to the Board on one constitutional claim but granted summary judgment to Berzett on all of his other constitutional claims.  The superior court held that Berzett is not subject to the electronic monitoring obligations imposed on sexually dangerous predators and issued a writ of

3

prohibition against the Board and its officers and agents that prohibited them from requiring Berzett to wear or pay for GPS monitoring pursuant to OCGA § 42-1-14 (e), from gathering, storing, or distributing any data regarding his movements obtained as a result of such monitoring, and from otherwise enforcing any provision of OCGA § 42-1-14 (e) as to Berzett.

On appeal, the Board contends that the trial court lacked subject matter jurisdiction over this petition for declaratory relief because no actual controversy existed between the Board and Berzett. Indeed, this issue is jurisdictional. See *Fulton County v. City of Atlanta*, 299 Ga. 676, 676, n. 2 (791 SE2d 821) (2016). The Declaratory Judgment Act, OCGA § 9-4-1 et seq., "gives superior courts the power to declare rights and other legal relations of any interested party in 'cases of actual controversy' under OCGA § 9-4-2 (a) and 'in any civil case in which it appears to the court that the ends of justice require that the declaration should be made.' OCGA § 9-4-2 (b)."[2] *Walker v.*

---

[2] OCGA § 9-4-2 provides:

> (a) In cases of actual controversy, the respective superior courts of this state shall have power, upon petition or other appropriate pleading, to declare rights and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed; and the declaration shall have the force and effect of a final judgment or decree and be reviewable as such.

4

*Owens*, 298 Ga. 516, 518 (783 SE2d 114) (2016) (citation omitted). "However,

the presence in the declaratory judgment action of a party with an interest in the

controversy adverse to that of the petitioner is necessary under either subsection

(a) or (b)." *Pangle v. Gossett*, 261 Ga. 307, 308 (1) (404 SE2d 561) (1991).

Under those subsections, there can be no actual or justiciable controversy if,

among other things, the questions in the case have become moot or there are no

"'interested parties asserting adverse claims upon a state of facts which have

accrued.'" *Fulton County*, 299 Ga. at 677 (citation omitted). See also *Pilgrim*

*v. First Nat. Bank of Rome*, 235 Ga. 172, 174 (219 SE2d 135) (1975). A

petition for declaratory judgment is moot when the relief, if granted, would have

no practical effect on the underlying controversy. See *Babies Right Start v. Ga.*

*Dept. of Public Health*, 293 Ga. 553, 555 (2) (a) (748 SE2d 404) (2013); *Pimper*

---

(b) In addition to the cases specified in subsection (a) of this Code section, the respective superior courts of this state shall have power, upon petition or other appropriate pleading, to declare rights and other legal relations of any interested party petitioning for the declaration, whether or not further relief is or could be prayed, in any civil case in which it appears to the court that the ends of justice require that the declaration should be made; and the declaration shall have the force and effect of a final judgment or decree and be reviewable as such.

(c) Relief by declaratory judgment shall be available, notwithstanding the fact that the complaining party has any other adequate legal or equitable remedy or remedies.

*v. State of Ga.*, 274 Ga. 624, 626 (555 SE2d 459) (2001). Moreover, "''[t]he proper scope of declaratory judgment is to adjudge those rights among parties upon which their future conduct depends.'''" *GeorgiaCarry.Org v. Atlanta Botanical Garden*, 299 Ga. 26, 28 (1) (785 SE2d 874) (2016) (citation omitted).

The interest of the respondent to the petition for declaratory judgment in this case is statutorily determined. Under OCGA § 42-1-14 (a) and (b), the Board is required to make the initial risk assessment and classification of sexual offenders, to decide on petitions for reevaluation of the classification, and to make a risk assessment upon request of a superior court that is considering a petition pursuant to OCGA § 42-1-19 for release from the registration requirements and residency and employment restrictions placed on certain sexual offenders. See generally *Gregory v. Sexual Offender Registration Review Bd.*, 298 Ga. 675, 678-684 (1) (784 SE2d 392) (2016). The Board does not, however, receive payment for the cost of the electronic monitoring system that sexually dangerous predators are required to wear, place the monitors on them, or play any role in the post-classification administration of the monitoring system or any other requirements and restrictions placed on sexual offenders. Instead, the cost of the system is paid either to the Department of Community

6

Supervision or to the sheriff; the electronic monitor is placed on the sexually dangerous predator either prior to his release from confinement or by the sheriff of the county of his residence, who explains its operation and cost; and a law enforcement official is designated to maintain and remove or replace the equipment. See OCGA §§ 42-1-12 (i) (12), 42-1-14 (e). Throughout OCGA § 42-1-12, monitoring of other sexual offender obligations is assigned to the sheriff or appropriate officials other than the Board. In this case, it is undisputed that the Washington County Sheriff's Department placed a GPS monitor onto Berzett's ankle, that since then it has received alerts from the device, and that it continues to monitor Berzett's sexual offender obligations, including the GPS device.

In view of the statutory division of duties to classify and monitor sexual offenders, as implemented with respect to Berzett, once the Board's classification duties were complete and its classification decision became final, the Board no longer had an interest in the controversy adverse to that of Berzett. To the extent that he raises in this declaratory judgment action any constitutional challenges to the statutory provisions regarding classification, such as due process, those challenges could and should have been raised in his petition for

7

judicial review of the Board's classification decision. Another controversy between Berzett and the Board could possibly arise in the future if the Board performs another risk assessment, but that will not occur unless so requested by a superior court judge in response to a petition for release under OCGA § 42-1-19, and, moreover, it is unlikely to occur in the case of Berzett (or most other sexual offenders) unless at least ten years have passed since his completion of "all prison, parole, supervised release, and probation for the offense which required registration pursuant to Code Section 42-1-12 . . . ." OCGA § 42-1-19 (c) (2) (A). Furthermore, nothing in OCGA § 42-1-12 et seq. indicates that the sheriff of the sexual offender's county of residence functions as an officer or agent of the Board, and the Washington County Sheriff was not named as a respondent to Berzett's petition for declaratory judgment and served as required by statute. See OCGA § 9-4-5. In short, although there may be some actual or justiciable controversy between Berzett and the Washington County Sheriff, there is no present controversy whatsoever between Berzett and the Board. The relief requested by Berzett, if granted, would have no practical effect on the controversy between him and the Board that has already been resolved by the superior court's decision on Berzett's separate petition for judicial review.

8

Moreover, the future conduct of the parties toward each other does not depend on an adjudication of their rights. Again, the statutory scheme, the final decision on Berzett's risk classification, and the record in this case already make clear that the Board has completed its classification duties, that it cannot perform any further risk assessment unless requested by the superior court at some future time, and that it is not required or authorized to monitor Berzett's GPS device or his other obligations as a sexual offender who has been classified as a sexually dangerous predator. Conversely, Berzett's future compliance with the electronic monitoring and other obligations does not depend on an adjudication of any right of the Board, as its rights extend only to classification. Accordingly, because there is no actual or justiciable controversy between Berzett and the Board, the superior court erred when it denied the Board's motion to dismiss Berzett's declaratory judgment action.

In his petition for declaratory judgment, Berzett also requested injunctive relief, but he primarily requested that the superior court declare that OCGA § 42-1-14 is unconstitutional on multiple grounds and that he is not subject to its obligations. In his response to the Board's motion to dismiss, Berzett argued the viability of his constitutional claims, again asked the superior court to declare

9

the statute unconstitutional, and subsequently requested "injunctive relief consistent with [the court's] findings." During the entire course of the parties' litigation and this appeal regarding the motion to dismiss and the cross-motions for summary judgment, Berzett has never made any separate argument concerning, and has barely even mentioned, his request for injunctive relief.

> [Such] relief sought is made dependent upon the prayer for declaratory judgment which, under the ruling [above], fails. . . . [W]ithout the declaratory judgment as its foundation, the [request for injunctive relief] fails. In this connection we are not unmindful of [OCGA § 9-4-3 (a)], to the effect that further plenary relief, including [injunction], may be sought in a petition seeking declaratory judgment, and that "the failure of [the] petition to state a cause of action for declaratory relief shall not affect the right of [the petitioning] party to any other relief, legal or equitable, to which he may be entitled." But that section relates to the right to relief which is independent of declaratory judgment, not that specifically bottomed on the declaratory judgment sought, as here.

*Gay v. Hunt*, 221 Ga. 841, 846 (2) (b) (148 SE2d 310) (1966) (emphasis omitted). Because Berzett's cause of action for declaratory judgment should have been dismissed, his request for injunctive relief also should have been

10

dismissed.[3]  See *Richardson v. Phillips*, 302 Ga. App. 305, 310 (2), n. 4 (690 SE2d 918) (2010).

Moreover, regardless of whether declaratory relief is sought, "[i]t is a settled principle of Georgia law that the jurisdiction of the courts is confined to justiciable controversies," and "[w]e will not decide the constitutionality of a law where no justiciable case or controversy is presented." *Fulton County*, 299 Ga. at 677 (citation and punctuation omitted).  Thus, a claim for injunctive relief "is moot when its resolution would amount to the determination of an abstract question not arising upon existing facts or rights," as when the act that is the subject of the claim has been completed.  *City of Comer v. Seymour*, 283 Ga. 536, 537 (661 SE2d 539) (2008) (citation and punctuation omitted).  As a result, Berzett's claim for injunctive relief should have been dismissed for the same reasons as his request for declaratory relief, even if the former were independent

---

[3] Assuming that the superior court otherwise was authorized to consider the remedy of prohibition in response to Berzett's petition, that remedy, like injunctive relief, was dependent on its grant of declaratory judgment, and a writ of prohibition could not have been entered independently of a proper declaratory judgment.  This is true because, if for no other reason, Berzett's entire case depended on a determination of the constitutionality of OCGA § 42-1-14, and the writ of prohibition itself "is not an appropriate remedy for testing the constitutionality of a law." *Buie v. Buie*, 175 Ga. 27, 32 (2) (165 SE 15) (1932) (punctuation omitted).

of the latter. As previously discussed, there simply remains no justiciable controversy of any sort between Berzett and the Board, and neither form of relief requested by Berzett could have any effect either on the Board's already final and completed act of the risk classification of Berzett or on any other right or responsibility of the Board toward him.[4] Accordingly, the judgment of the superior court must be vacated, and the case remanded with direction that the court dismiss Berzett's petition in its entirety.

Judgment vacated and case remanded with direction. All the Justices concur, except Grant, J., disqualified.

---

[4] For the same reasons, again assuming that the superior court otherwise could have considered the remedy of prohibition in response to Berzett's petition, that petition still should have been dismissed even if a writ of prohibition were independent of the request for declaratory relief and somehow could have been considered in lieu of injunctive relief. "Before the writ of prohibition should issue, there must be some *pending* action or proceeding upon which the writ could apply and prohibit some act of a judicial tribunal . . . ." *Martin v. Crawford*, 199 Ga. 497, 497 (1) (34 SE2d 699) (1945) (emphasis supplied). "[A] writ of prohibition will not lie after the judgment sought to be restrained has been issued." *Almand v. Brock*, 227 Ga. 586, 587 (182 SE2d 97) (1971).

12

Decided June 19, 2017.

Declaratory judgment. Fulton Superior Court. Before Judge Bedford.

Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Joseph J. Drolet, Senior Assistant Attorney General, Rebecca J. Dobras, Assistant Attorney General, for appellant.

McMillan & Rawlings, Thomas C. Rawlings; Mark A. Yurachek, for appellee.