**NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.**

In the Supreme Court of Georgia

Decided: October 15, 2025

S25X0828. LUKE PILATO et al. v. STATE OF GEORGIA et al.
S25A0829. DEKALB COUNTY SCHOOL DISTRICT v. STATE OF GEORGIA et al.
S25A0830. STATE OF GEORGIA v. LUKE PILATO et al.

COLVIN, Justice.

After their DeKalb County property was annexed by the City of Atlanta ("the City"), Luke Pilato and Ashley McCullough ("Parents") attempted to enroll their children in Atlanta Public Schools ("APS"). However, APS, an entity that is legally distinct from the City, denied enrollment, citing 2021 Georgia Senate Bill 209 ("SB 209"), which states that "when the corporate limits of [the City] are extended by annexation into the boundaries of [DCSD], ... the boundaries of [APS] ... shall not be extended to be coextensive therewith except as authorized by this section." SB 209, § 3.2(a).[1]

---

[1] SB 209 was enacted on May 10, 2021 and went into effect on July 1, 2021. See Ga. L. 2021, p. 4256.

Parents and the City (collectively, "Plaintiffs"), then filed the underlying petition for declaratory and injunctive relief against the State, arguing that SB 209 is unconstitutional. The trial court agreed, concluding that SB 209 violated Article III, Section V, Paragraph III of the Georgia Constitution ("the Single Subject Rule"),[2] and entered judgment in Plaintiffs' favor. Upon review, however, we conclude that Plaintiffs failed to establish an actual or justiciable controversy, meaning that the trial court lacked jurisdiction to grant relief. Accordingly, we vacate the trial court's judgment and remand the case for the trial court to dismiss Plaintiffs' petition.

1. APS was once part of the City's municipal government, but in 1973, the General Assembly separated APS from the City by enacting separate charters for the two entities and removing most educational powers and responsibilities from the City. See *City of Atlanta v. Atlanta Indep. Sch. Sys.*, 300 Ga. 213, 214 (2016) (citing

---

[2] The Single Subject Rule provides that "[n]o bill shall pass which refers to more than one subject matter or contains matter different from what is expressed in the title thereof." Ga. Const. of 1983, Art. III, Sec. V, Par. III.

2

Ga. L. 1973, p. 2167 (APS's 1973 charter); Ga. L. 1973, p. 2188 (the City's 1973 charter)). It is not disputed on appeal that the City and APS exist as independent entities governed by separate charters.

In May 2021, SB 209 was signed into law. In relevant part, the bill states:

> When the corporate limits of the City of Atlanta are extended by annexation into the boundaries of the DeKalb County school district, regardless of the method of annexation, the boundaries of the City of Atlanta independent school system operating in said municipality shall not be extended to be coextensive therewith except as authorized by this section.

SB 209, § 3.2(a).

In June 2022, the City approved Parents' petition to annex four residential properties in DeKalb County and passed an annexation ordinance providing that "it is the expressed intent of [the City] that the annexation of the Property shall act to expand the boundaries of the Atlanta Independent School System" to encompass the newly annexed property. However, APS declined to enroll Parents' children, citing SB 209.

Plaintiffs initially filed suit for declaratory and injunctive relief

against DCSD and APS in Fulton County, seeking, among other relief, a declaration that SB 209 is unconstitutional. The Fulton County court granted DCSD's subsequent motion to transfer the action to DeKalb County. While the DeKalb County case was pending, Plaintiffs filed the instant petition against the State in Fulton County. A few weeks later, Plaintiffs voluntarily dismissed the DeKalb County action.

Plaintiffs filed the underlying petition against the State pursuant to Article I, Section II, Paragraph V(b)(1) of the Georgia Constitution, which waives sovereign immunity for actions against the State that seek declaratory and injunctive relief from the State's allegedly unconstitutional or unlawful acts.[3] As relevant here, Plaintiffs alleged in their verified petition that SB 209 violated the Single Subject Rule because it altered the charters of multiple local governmental entities.[4] As relief, Plaintiffs sought a declaration that

---

[3] We express no opinion as to whether the sovereign immunity waiver under Article I, Section II, Paragraph V(b)(1) applied in this case.

[4] Plaintiffs additionally argued that SB 209 violated other constitutional provisions. However, the trial court declined to reach these arguments, and we do not address them here.

SB 209 is unconstitutional; that Parents were within APS's boundaries, could send their children to APS schools, could vote in APS elections, and could pay property taxes at APS's rate rather than DCSD's; that the City could direct that annexations into DeKalb County concurrently expand APS's boundaries; that the City could levy property taxes on behalf of APS in the annexed areas; and that the City could qualify residents in the annexed areas to vote in APS elections. Plaintiffs also requested injunctive relief prohibiting enforcement of SB 209 "by the State."

After filing their petition, Plaintiffs filed a "Motion for Declaratory Judgment and Permanent Injunction," seeking resolution of their claims. The State subsequently filed a combined response and motion to dismiss, arguing that Plaintiffs lacked standing to bring suit, that there was no actual or justiciable controversy that would warrant declaratory relief, and that Plaintiffs failed to state a claim because SB 209 was not unconstitutional. While these motions were pending, DCSD moved to intervene in the suit. The trial court granted the motion to

5

intervene over Plaintiffs' objection, aligning DCSD with Plaintiffs.[5] DCSD then filed its own motion to dismiss.

At a hearing on these motions, Plaintiffs reasserted an argument—earlier made in their response to the State's motion—that the court should hold the State in default because it had not timely filed an answer. Following the hearing, the trial court denied the motions to dismiss and granted Plaintiffs' motion for judgment and permanent injunctive relief, ruling that Plaintiffs had standing to bring suit because they had legal rights at stake in the case that there was a justiciable controversy and that SB 209 violated the Single Subject Rule because it amended the charters of the City, APS, and DCSD in a single piece of legislation. The trial court denied Plaintiffs' request to hold the State in default.

Both the State and DCSD appealed the trial court's judgment granting relief to Plaintiffs, and Plaintiffs cross-appealed from the trial court's rulings permitting DCSD to intervene and denying

---

[5] We take no position on whether it was proper for the trial court to have allowed DCSD to intervene as a plaintiff instead of as a defendant.

Plaintiffs' request for default judgment against the State.

2. A court cannot reach the merits of a petition for declaratory judgment in the absence of an "actual, justiciable controversy" between the parties before the court. *Knox v. State*, 316 Ga. 426, 428 (2023); see also OCGA § 9-4-2(a), (b). Such a controversy is not present based on "[m]ere disagreement about the abstract meaning or validity of a statute or ordinance." *City of Atlanta v. Atlanta Indep. Sch. Sys.*, 307 Ga. 877, 879 (2020) (cleaned up). See also *Fourth Street Baptist Church of Columbus v. Bd. of Registrars*, 253 Ga. 368, 369 (1984) ("[A] court may not declare the rights of parties when there is no actual or justiciable controversy; it has no province to determine whether or not a statute, in the abstract, is valid, or to give advisory opinions." (citations omitted)). Instead, there must exist some dispute about the relative rights and obligations of the parties before the court that can be redressed by a judicial decision. See *Knox*, 316 Ga. at 427 ("The proper scope of declaratory judgment is to adjudge those rights among parties upon which their future conduct depends."). Cf. *Sons of Confederate Veterans v. Henry*

7

*County Bd. of Commissioners*, 315 Ga. 39, 50 (2022) ("For an actual controversy to exist, a party must have some right at stake that requires adjudication to protect it.").

Applying those principles here, Plaintiffs have failed to establish an actual controversy between the parties in this action sufficient to reach the merits of their claims for declaratory judgment. In this case, Plaintiffs have alleged that APS's decision not to observe or comply with the City's annexation of the Parents' properties or to enroll their children in APS schools infringed on various asserted rights of the City and Parents. But that is not an actual controversy between the parties before the Court for the simple reason that Plaintiffs did not sue APS. Instead, Plaintiffs sued the State, but they have not established that they have an actual controversy with the State because Plaintiffs asserted that the decision of APS, not any enforcement action of the State, resulted in the alleged infringement of rights about which they complain. Cf. *Knox*, 316 Ga. at 431–32 (holding that an action brought by professors against the State seeking a declaration that a

statute was unconstitutional was "moot" because it was a Board of Regents policy, "not any legislation, that is causing the state of affairs about which the professors complain"). Under these circumstances, a decision whether the statute they challenge (SB 209) is constitutional would not resolve the disputed rights they assert[6] as the basis for their action, and so any such decision would not adjudicate an actual, justiciable controversy that is properly the subject of declaratory relief. *See City of Atlanta*, 307 Ga. at 879–80. Accordingly, we vacate the trial court's judgment and remand the case for the trial court to dismiss Plaintiffs' petition for declaratory and injunctive relief.[7]

*Judgment vacated and case remanded with direction. All the Justices concur, except Peterson, C.J., disqualified.*

---

[6] We express no opinion on whether the City or Parents actually had these rights. We also do not address whether the City has been delegated the authority to bring a constitutional challenge to SB 209. See *Hospital Authority of Wayne County v. AmerisourceBergen Drug Corp.*, 317 Ga. 182, 185 n.6 (2023) (noting the general rule that state-created entities cannot raise constitutional challenges to legislation but acknowledging, without reaching the issue, that the rule is not absolute).

[7] Because Plaintiffs have failed to show an actual or justiciable controversy, their claims for injunctive relief must also be dismissed. See *Sexual Offender Registration Review Bd. v. Berzett*, 301 Ga. 391, 396 (2017).

PINSON, J., concurring.

I join the Court's opinion, which holds that this case does not present an "actual controversy" that is properly the subject of declaratory relief between the plaintiffs and the State, the only entity the plaintiffs sued. I write only to flag that at least some of the principles that make up our longstanding actual-controversy requirement, which we have mostly applied in actions seeking declaratory relief, may also be properly understood as principles of constitutional standing that limit the judicial power. We often describe the actual-controversy requirement as a prerequisite for obtaining declaratory relief, and that's because it is: the Declaratory Judgment Act limits the power of courts to grant declaratory relief to "cases of actual controversy." OCGA § 9-4-2(a). But "even in the absence of any such provision, a similar limitation is generally implied and observed by the courts both in America and in England." *Shippen v. Folsom*, 200 Ga. 58, 59 (1945) (cleaned up). And as we pointed out recently, "[t]he core of the judicial power conferred by

10

the Georgia Constitution has long been described as the power to resolve a controversy about the relative rights and obligations of the parties before it, and to bind those parties to that judgment." *Wasserman v. Franklin County*, 320 Ga. 624, 637–38 (2025). See also *Sons of Confederate Veterans v. Henry County Bd. of Comm'rs*, 315 Ga. 39, 50 (2022) ("We recognized early in our Court's history that [the judicial] power is limited to deciding genuine 'controversies.'"). In fact, the rule that a private plaintiff must assert that she has a "legal right at stake" is a basic limit on the judicial power precisely "because without a right at stake, there is no actual controversy between the parties for a court to resolve." *Wasserman*, 320 Ga. at 624. That said, in the wake of our recent decisions clarifying Georgia's constitutional standing doctrine, we have not addressed whether other principles that make up the actual-controversy requirement are specific to the declaratory-judgment context or better understood as principles of constitutional standing. We need not do so in this case, which is resolved by straightforward application of precedent like *Knox v. State*, 316 Ga. 426 (2023), and

*City of Atlanta v. Atlanta Independent School System*, 307 Ga. 877 (2020). But in an appropriate case, it may well be important to clarify which of these threshold principles applied in actions for declaratory relief address limits on the judicial power.