A90A1991. MAYFIELD v. THE STATE.
(401 SE2d 297)

DEEN, Presiding Judge.

Defendant was arrested on December 23, 1989, on warrants charging him with selling crack cocaine to an undercover agent on two separate occasions on the same day. He appeals from the trial court's pre-trial order setting bail, and contends that the amount of bail set was excessive.

Defendant filed a petition for bond pursuant to OCGA § 17-6-1, which was heard and denied on March 8, 1990. On May 29, 1990, defendant filed a second petition to set bail, as authorized by OCGA § 17-7-50, which requires the trial court to set bail upon the application of any person who is confined for more than 90 days without bail and without an indictment having been returned. See *Burke v. State*, 234 Ga. 512, 517 (216 SE2d 812) (1975). Following a hearing the trial court entered an order on June 7, 1990, setting bail in the total amount of $100,000 ($50,000 on each warrant), from which this appeal was taken. *Held*:

Excessive bail is prohibited by the Georgia Constitution (Ga. Const. 1983, Art. I, Sec. I, Par. XVII), and the Eighth Amendment to the United States Constitution. "Bail set at a figure higher than an

amount reasonably calculated to . . . [insure the presence of the defendant] is 'excessive' under the Eighth Amendment." *Stack v. Boyle*, 342 U. S. 1, 5 (72 SC 1, 96 LE 3) (1951); *Jones v. Grimes*, 219 Ga. 585, 587 (134 SE2d 790) (1964). "The amount of bail to be assessed in each criminal case is generally within the sound discretion of the trial judge, whose decision will not be reversed on appeal absent a clear abuse of that discretion. [Cits.] When fixing the amount of bail, the judge is to consider chiefly the probability that the accused, if freed, will appear at trial; other factors to be considered include the accused's ability to pay, the seriousness of the offense, and the accused's character and reputation. [Cit.]" *Spence v. State*, 252 Ga. 338, 341 (313 SE2d 475) (1984).

The record reflects that the trial judge was apprised of the defendant's lengthy residency in the community and his financial status, and weighed these factors against the serious nature and potential consequences of the charges. In considering these circumstances, the amount of bail set reflects the trial judge's concern that the defendant's presence at trial be secured. We find no clear abuse of discretion.

*Judgment affirmed. Carley, C. J., McMurray, P. J., Banke, P. J., Birdsong and Sognier, JJ., concur. Pope, Beasley and Cooper, JJ., dissent.*

POPE, Judge, dissenting.

I dissent because in my opinion the bail set by the trial court was excessive, as prohibited by both our state and federal constitutions. Moreover, because the defendant in this case was entitled to have bail set as a matter of statutory right, the granting of excessive bail here was, in effect, a denial of that right.

The majority concludes that the amount of bail assessed reflects the trial court's concern that the defendant be present at trial. However, the state presented no evidence which would justify the trial court in concluding that the amount of bail set was necessary for that purpose. At the hearing on defendant's first petition for bond, held before the same trial judge, defendant testified he was a resident of the county, that he had lived all his life there, that he would appear for trial and would assist his attorney in preparing his defense. At the second hearing, defendant's court-appointed attorney requested that bail be set in a reasonable amount, informed the court that defendant had no savings, that there was no risk of defendant fleeing and that "a high bond would do [nothing] more to ensure his presence than a $5000 to $10,000 bond." The State offered no evidence concerning the factors enumerated above, but merely requested that the bond be adequate to ensure defendant's appearance at trial and that the court consider the seriousness of the offenses in determining the amount to

be assessed. Although the offenses (selling crack cocaine) were serious, the amount involved in each sale was obviously small, based on the amount paid for the drugs by the undercover agents ($20 on each occasion).

"There are no hard and fast rules for determining what is reasonable bail and what is excessive bail. The question must be determined according to the circumstances of each case. 'The gist of the problem confronting a court in setting the amount of bail is to place the amount high enough to reasonably assure the presence of the defendant when it is required, and at the same time to avoid a figure higher than that reasonably calculated to fulfill this purpose, and therefore excessive.' [Cit.]" (Indention omitted.) *Jones v. Grimes*, 219 Ga. 585, 587 (2) (134 SE2d 790) (1964).

Considering all the circumstances in this case, however, and ever mindful of the discretion of the trial court in cases of this type, I conclude that the bail set was clearly excessive, and therefore would remand this case to the trial court to allow it to fix bail in an amount *reasonably* required to assure defendant's presence at trial.

I am authorized to state that Judge Beasley and Judge Cooper join in this dissent.

Decided December 5, 1990 —
Rehearing denied December 20, 1990.

*Hemmann & Hemmann, Paul E. Hemmann*, for appellant.
*Tommy K. Floyd, District Attorney*, for appellee.