## S99A0636. MULLINAX v. THE STATE.
## S99A0637. MULLINAX v. POWELL.
### (515 SE2d 839)

HUNSTEIN, Justice.

This is an appeal by Charles Mullinax from the denial of his motion to reduce bond and from the denial of his pre-conviction petition for a writ of habeas corpus. For the reasons which follow we dismiss the appeal from the order denying his motion to reduce bond and affirm the denial of his petition for a writ of habeas corpus.

In April 1998 Lindsey Strickland, Mullinax's girlfriend, was discovered dead by strangulation in Thomas County. Police found a curtain sash from the nearby residence once owned by Mullinax's mother alongside Strickland's body and Strickland's missing earring was found inside the residence. Mullinax was arrested and charged with murder shortly after the discovery of the body. On May 14, 1998 Mullinax petitioned the trial court to set bond. Because of the likelihood that Mullinax would interfere with the administration of justice,[1] the trial court denied bond. On July 30, 1998, Mullinax, who had not been indicted because of delays in processing the physical evidence at the State Crime Lab, petitioned for bail arguing that he was entitled to bond because he had been detained for more than 90 days without being indicted. See OCGA § 17-7-50. Following a hearing on October 5, 1998 the court set bond in the amount of $250,000 and denied a subsequent motion to reduce the amount of that bond. A pre-trial petition for writ of habeas corpus challenging the amount of bond on grounds of excessiveness was denied on December 10, 1998. Because the refusal to reduce the amount of bond did not amount to an abuse of discretion on the part of the trial court, we affirm.

1. The interlocutory appeal procedures set forth in OCGA § 5-6-34 (b) are required to obtain review of an order denying or setting pre-trial bond. *Howard v. State*, 194 Ga. App. 857 (392 SE2d 562) (1990). Accordingly Mullinax's direct appeal of an order of the Superior Court of Thomas County setting bond in Case No. S99A0636 must be dismissed.

2. The sole issue raised in Mullinax's appeal from the denial of his petition for writ of habeas corpus is whether the bond set by the Superior Court of Thomas County is so excessive as to amount to a refusal to grant bail. Excessive bail is prohibited by the Georgia Constitution (Ga. Const. 1983, Art. I, Sec. I, Par. XVII) and the Eighth Amendment to the U. S. Constitution. For purposes of the Eighth Amendment, excessive bail is defined as bail set at an amount higher

---

[1] Mullinax had already contacted several witnesses.

than an amount reasonably calculated to insure the presence of the defendant. *Stack v. Boyle,* 342 U. S. 1, 5 (72 SC 1, 96 LE 3) (1951). When fixing bail in Georgia, a trial judge's foremost consideration is the probability that the accused, if freed, will appear at trial and to a lesser extent "the accused's ability to pay, the seriousness of the offense, and the accused's character and reputation. [Cit.]" *Spence v. State,* 252 Ga. 338, 341 (2) (b) (313 SE2d 475) (1984). See generally OCGA § 17-6-1 (e). A defendant who seeks release on bail has the burden of showing "roots in the community, that the defendant does not pose a significant risk of fleeing, threatening the community, committing another crime, or intimidating a witness. [Cits.]" *Cowards v. State,* 266 Ga. 191, 193 (2) (465 SE2d 677) (1996). However, in all cases the amount of bail assessed is within the sole discretion of the trial court and will not be overturned absent a clear abuse of discretion. *Jones v. Grimes,* 219 Ga. 585 (2) (134 SE2d 790) (1964).

The State adduced evidence that Mullinax, who is a teenager and a high school drop-out, had little contact with his family and no means of support. Mullinax did not reside with either parent and had no apparent supervision from any other relative or adult. He had been arrested previously for possession of marijuana, shoplifting, and simple battery. With regard to the crime charged, a GBI agent testified that Mullinax had been in contact with potential witnesses to coach them about the information they were to supply to law enforcement officers investigating the case.

Under the circumstances, based upon the seriousness of the offense charged and the likelihood that Mullinax would not appear at trial, we discern no clear abuse of discretion by the trial court in holding that the bail amount originally set was not excessive. *Taylor v. Chitwood,* 266 Ga. 793 (2) (471 SE2d 511) (1996); *Jones v. Grimes,* supra, 219 Ga. at 587 (2).

*Judgment affirmed in Case No. S99A0637. Appeal dismissed in Case No. S99A0636. All the Justices concur.*

DECIDED MAY 17, 1999.

*Walter E. Van Heiningen,* for appellant.

*J. David Miller, District Attorney, James E. Hardy, Mark E. Mitchell, Assistant District Attorneys, Whitehurst, Blackburn, Warren & Kelley, R. Bruce Warren,* for appellees.