S99A1546. PULLIN v. DORSEY.
(525 SE2d 87)

BENHAM, Chief Justice.

Arrested for the murder of his former wife, Pullin was incarcerated for more than 90 days without being indicted. After a hearing pursuant to OCGA § 17-7-50, he was granted bail in the amount of $100,000, which he posted. Eight days after Pullin's release on bail, the trial court conducted a hearing at the request of the State to reconsider the granting of bail. It became clear at that hearing that a misapprehension had arisen at the first hearing regarding the state of Pullin's employment. The State also informed the court prior to the end of the second bail hearing that Pullin had been reindicted for felony murder and had also been indicted for several other offenses arising from the shooting. The trial court increased the bail to $750,000. Pullin filed a petition for habeas corpus, the denial of which is the subject of this appeal.

The basis for Pullin's habeas corpus petition was that bail in the amount of $750,000 is excessive. We recently held in *Mullinax v. State*, 271 Ga. 112 (2) (515 SE2d 839) (1999), that excessive bail, prohibited by the Georgia Constitution (Ga. Const. 1983, Art. I, Sec. I, Par. XVII) and the Eighth Amendment to the U. S. Constitution, is bail set at an amount higher than that reasonably calculated to insure the presence of the defendant; that the foremost consideration when fixing bail is the probability that the accused, if freed, will appear at trial; and that the amount of bail assessed is within the sole discretion of the trial court and will not be overturned absent a

---

[2] See *Haggard v. Board of Regents*, 257 Ga. 524 (360 SE2d 566) (1987).

clear abuse of discretion.

We are concerned, therefore, with the question whether the trial court's order increasing bail was an abuse of discretion. The basis for the increase was stated by the trial court to be Pullin's prior felony convictions, the risk of intimidation or injury of witnesses, and the risk of flight.

The concern regarding risk of flight was associated with Pullin's employment situation. The record showed that some confusion about Pullin's employment status arose from the first bond hearing. By the time of the second hearing, however, the parties agreed that Pullin had been discharged from his employment after his arrest and had not, at the time of the second bail hearing, embarked upon other employment. The court also had before it information that Pullin, at the time of the murder, was engaged in litigation with the victim regarding child support, and that one of the victim's children (not Pullin's child) saw the killer at the murder scene.

Given that information and the fact that Pullin had two prior felony convictions, we see no clear abuse of discretion in the trial court's decision to increase bail based on information not available at the first hearing. That being so, the habeas court did not err in denying Pullin's petition. *Mullinax*, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 18, 2000.

*Brian Steel,* for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Jeanne M. Canavan, Assistant District Attorneys,* for appellee.