## S02A1013. DUNN v. EDWARDS.

(569 SE2d 525)

FLETCHER, Chief Justice.

Torrance Dunn was arrested and charged with malice murder and felony obstruction of justice. The trial court denied his request for bond and Dunn brought this habeas action challenging that decision. Because Dunn failed to offer evidence indicating roots in the community, the habeas court did not err in denying relief. Therefore, we affirm.

1. In *Ayala v. State*,[1] this Court addressed the burden of proof required in a pretrial bond hearing. Initially, the defendant bears the burden of producing evidence that he does not pose a significant risk to flee, threaten the community, commit another crime, or intimidate witnesses.[2] To meet this burden, the defendant must first present evidence showing his roots in the community.[3] The Court stated in *Ayala* that evidence demonstrating ties to the community would include "the length and character of residence in the community, employment status and history, past history of responding to legal process, and prior criminal record."[4] Once the defendant has satisfied this burden, the burden of production shifts to the State. If the defendant fails to produce sufficient evidence, the State may not be required to produce any evidence.[5] However, the State always retains the burden of persuasion that the defendant is not entitled to pretrial release.

The defendant in this case failed to satisfy his initial burden. The only testimony presented at the bond hearing on the issue of the defendant's ties to the community came from the investigating officer. When questioned about whether Dunn was from Athens and whether he lived there, the officer answered affirmatively. There was no evidence that Dunn had continuously lived in Athens for a significant period of time, that he had significant involvement with family, friends or institutions in the community, that he had a stable job history, or that he had a reputation for reliability. The record contains defense counsel's introduction of a cousin and reference to an aunt who had previously been in the courtroom. The record also contains the statement that "other family members identified themselves." The presence of family members in the courtroom, however, is not evidence. Because Dunn failed to meet his burden, the trial court

[1] 262 Ga. 704, 705 (425 SE2d 282) (1993).
[2] OCGA § 17-6-1 (e).
[3] Id.
[4] Id.
[5] Id.

properly denied bond and the habeas court did not err in denying relief.

2. Dunn contends that the trial court's order denying bond is insufficient as a matter of law because it did not make findings of fact. We agree, that as a general matter, trial courts should render findings of fact in denying bond because they will help provide an adequate basis for appellate review.[6] However, in this case, Dunn presented virtually no evidence on the relevant issue of community ties and therefore, we cannot conclude that the trial court erred in failing to be more specific in its order denying bond.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 16, 2002.

*Russell C. Gabriel*, for appellant.

*Kenneth W. Mauldin, District Attorney, Daniel F. Piar, Phillip C. Griffeth, Assistant District Attorneys, Thurbert E. Baker, Attorney General*, for appellee.

---

[6] *Lane v. State*, 247 Ga. 387 (276 SE2d 644) (1981).