## A08A1160. HERNANDEZ v. THE STATE.
### (669 SE2d 434)

BERNES, Judge.

Fredy Perez Hernandez and three other men were arrested following the police surveillance of a drug trafficking operation that recovered approximately ninety pounds of cocaine and $725,000 cash. The trial court initially denied Hernandez's motion for bond; however, after he was incarcerated for more than 90 days without being indicted, the trial court conducted a hearing pursuant to OCGA § 17-7-50[1] and granted bail in the amount of $1,000,000. On appeal, Hernandez argues that the amount of bail is unconstitutionally excessive and equates to an unlawful refusal to grant bond. We find no error and affirm.

Excessive bail is prohibited by the Georgia Constitution as well as the Eighth Amendment to the United States Constitution. See Ga. Const. 1983, Art. I, Sec. I, Par. XVII; *Pullin v. Dorsey*, 271 Ga. 882 (525 SE2d 87) (2000). "Bail set at a figure higher than an amount reasonably calculated to insure the presence of the defendant is [unconstitutionally] excessive." (Citations and punctuation omitted.) *Mayfield v. State*, 198 Ga. App. 252, 252-253 (401 SE2d 297) (1990). The trial court's foremost consideration when fixing the amount of bail should be the probability that the defendant, if freed, will appear at trial. Id. at 253. The defendant bears the initial burden of producing evidence that he does not pose a significant flight risk. See *Dunn v. Edwards*, 275 Ga. 458 (1) (569 SE2d 525) (2002). Other

---

[1] Any person who is arrested for a crime and who is refused bail shall, within 90 days after the date of confinement, be entitled to have the charge against him or her heard by a grand jury having jurisdiction over the accused person. . . . In the event no grand jury considers the charges against the accused person within the 90 day period of confinement . . . , the accused shall have bail set upon application to the court.
OCGA § 17-7-50.

factors that the court may consider include the defendant's ability to pay, the seriousness of the offense, and the defendant's character and reputation. Id. "[T]he amount of bail assessed is within the sole discretion of the trial court and will not be overturned absent a clear abuse of discretion." *Pullin*, 271 Ga. at 882.

The record in this case shows that the trial court was very concerned that Hernandez posed a significant risk of fleeing. Hernandez's counsel conceded that Hernandez is not a United States citizen, and Hernandez presented no evidence that he was in this country legally. See *Dunn*, 275 Ga. at 458 (1). Likewise, no evidence was presented that Hernandez owned a house or any real property in Georgia. The circumstances surrounding Hernandez's arrest support an inference that he had access to large amounts of cash, and the crimes for which he was arrested are very serious and carry severe potential consequences.[2]

Although Hernandez did present evidence that he was employed and has a wife and children in Georgia, the trial court was authorized to weigh these factors against the evidence set forth above and then set an amount reasonably calculated to ensure Hernandez's presence at trial. We cannot say under these circumstances that the amount of bail was excessive or amounted to an abuse of discretion. See *Mayfield*, 198 Ga. App. at 252-253; *Howard v. State*, 197 Ga. App. 693, 694 (399 SE2d 283) (1990).

*Judgment affirmed. Ruffin, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 29, 2008.

*Herbert Shafer*, for appellant.
*Penny A. Penn, District Attorney, James E. Dunn, Jr., Assistant District Attorney*, for appellee.

---

[2] The crime of trafficking greater than 400 grams of cocaine carries a mandatory minimum sentence of 25 years in prison and a fine of $1,000,000. See OCGA § 16-13-31 (a) (1) (C).