## S09A1541. CONSTANTINO v. WARREN.
(684 SE2d 601)

NAHMIAS, Justice.

Frank Constantino appeals from the habeas court's denial of his petition for habeas corpus relief, in which he sought release from pre-trial detention following the trial court's denial of his request for bail. For the reasons that follow, we affirm.

On February 19, 2009, Constantino was indicted by a Cobb County grand jury for violating the Georgia RICO Act, securities fraud, and theft by taking. The indictment alleges that Constantino took more than $2 million from an elderly woman and invested it in business ventures in Belize. On February 20, 2009, Constantino was arrested, and on February 24, 2009, he filed a motion for pre-trial bail. On March 5, 2009, the trial court held a hearing on the motion. At the hearing, Constantino's wife, Sandra Newhouse, testified that she and Constantino have lived in her Cobb County home since 1992; that they married in 1993; that she purchased the house in 1998; and that she was willing to put the home up for bail. She added that Constantino, who is 65 years old, has high blood pressure; that he had surgery for prostate cancer in October 2008 and has received radiation treatments; and that they have numerous friends in the community. She also stated that she had given Constantino's passport to his attorney and that Constantino was willing to surrender it to the Court. Newhouse and Constantino moved to Atlanta from West Virginia, and several of Constantino's relatives from West Virginia were in the courtroom but did not testify.

On cross-examination, Newhouse testified that the house in which she and Constantino live is in her name; that Constantino has no assets in the United States; that she has no assets except for the house; and that Constantino owns property in Belize and Nicaragua and has traveled to Belize ten to twelve times in the past few years. Newhouse also testified she purchased her house in 1998 for $450,000, but she now owes $700,000 on the property and does not know how much the house is worth.

The trial court denied Constantino's motion for bond, stating, in

an oral ruling, that he had no real ties to Cobb County and was a "great risk to flee" given his property and connections in Belize and Nicaragua.

On March 13, 2009, Constantino filed a habeas petition contending that the trial court's denial of bail was unconstitutional, that the Georgia and United States Constitutions forbid excessive bail, and that he is entitled to bail as a matter of right. On March 27, 2009, the habeas court held a hearing on Constantino's habeas petition. The parties agreed that the court could consider the testimony of Constantino's wife at the bond hearing, and Constantino offered additional testimony from seven witnesses who testified about their relationships with him.

For example, Rudy Weber testified he has lived in Georgia for forty-five years and has known Constantino for three years. He met Constantino when he helped Constantino refinance his home for $900,000 at a time when the home was worth $1.2 million. Since the refinancing, Weber has remained in "good contact" with Constantino and has been to Constantino's home a few times. Weber acknowledged that Constantino's home had been refinanced at the height of the real estate market and that the value of the home had likely dropped some since that time.

Marjorie Crouch testified she has been friends with Constantino and his wife for about 15 years and has been to their house numerous times. Crouch added that she has invested money with Constantino and does not believe he is a flight risk. David Kim, a service consultant for Audi, testified he has known Constantino for about six years and has been to different "Audi-related outings" with him. Kim added he did not believe Constantino was a risk to flee. Paul Miller, who has known Constantino from church for about four years, testified he did not believe Constantino would flee. In addition, Craig Stephens testified that he has known Constantino for about 17 years, that they met when they were both in the insurance business, that he has a business and social relationship with Constantino, and that he does not believe Constantino would flee. On cross-examination, the witnesses acknowledged that they did not know whether Constantino owned either the house in which he lived or any other property in this country, and several of the witnesses had short-term, mostly business relationships with Constantino (three of the witnesses had businesses that serviced the cars he drove).

At the hearing, Constantino contended that, based on the testimony of his wife and the other seven witnesses, there was no evidence he was a risk to flee, and he was entitled to bail. The sheriff, on the other hand, contended that Constantino was a significant risk to flee because, among other things, he did not own any assets in this

country, he owned assets in Belize and Nicaragua, and he traveled to Belize on a regular basis. On May 27, 2009, the habeas court denied Constantino's habeas petition, concluding that the trial court's denial of bail "was a reasonable exercise of that court's discretion." Constantino then filed this appeal.

1. Constantino contends that, because he is not indicted for one of the offenses specified in OCGA § 17-6-1 (a), the bail provisions of OCGA § 17-6-1 (e) do not apply to his case, and he is entitled to bail as a matter of right. He is wrong. OCGA § 17-6-1 (a) merely specifies that certain crimes are bailable only before a superior court; it does not provide that persons who commit other crimes are entitled to bail as a matter of right. To the contrary, OCGA § 17-6-1 (b) (1) provides that "[a]ll offenses not included in subsection (a) of this Code section are bailable by a court of inquiry" and that no person "charged with a misdemeanor [shall] be refused bail." Thus, the language of OCGA § 17-6-1 makes it clear that only defendants charged with misdemeanors are entitled to bail as a matter of right. Finally, OCGA § 17-6-1 (e) sets forth the standards for courts to apply in determining whether a person is entitled to bail for all "bailable" offenses, whether the "bailable" offense falls under OCGA § 17-6-1 (a) or not.

Constantino also contends that *Reid v. Perkerson*, 207 Ga. 27 (60 SE2d 151) (1950), and *Newsome v. Scott*, 151 Ga. 639 (107 SE 854) (1921), support his contention that, because he is indicted for a non-capital felony, he is entitled to bail as a matter of right. *Reid* and *Newsome*, however, are not on point. In *Newsome*, which *Reid* followed, the Court correctly stated that "[t]he provision of the State constitution that 'Excessive bail shall not be required' has been held not to 'determine any right to bail, or in what cases it exists, but only prohibits excessiveness in amount, where bail is allowed.'" *Newsome*, 151 Ga. at 643 (quoting *Vanderford v. Brand*, 126 Ga. 67, 69 (54 SE 822) (1906)) (citation omitted).[1] The Court concluded that the applicable statutes at that time entitled persons who had committed non-capital felonies to bail as a matter of right. Id. at 643-645. OCGA § 17-6-1 is now the statute that governs bail, however, and it does not provide for bail as a matter of right except in misdemeanor cases. OCGA § 17-6-1 (b) (1).

2. For the foregoing reasons, Constantino was not entitled to bail as a matter of right. Instead, whether he should have been released

---

[1] See also *United States v. Salerno*, 481 U. S. 739, 753-755 (107 SC 2095, 95 LE2d 697) (1987) (no absolute right to bail under Excessive Bail Clause of Eighth Amendment).

on bail is governed by OCGA § 17-6-1 (e), which provides as follows:

> A court shall be authorized to release a person on bail if the court finds that the person:
> (1) Poses no significant risk of fleeing from the jurisdiction of the court or failing to appear in court when required;
> (2) Poses no significant threat or danger to any person, to the community, or to any property in the community;
> (3) Poses no significant risk of committing any felony pending trial; and
> (4) Poses no significant risk of intimidating witnesses or otherwise obstructing the administration of justice.

The conjunctive "and" indicates that the trial court may grant bail only if it finds that none of the four risks exists.

"The trial court must explain its reasons for denying bond to assist appellate review. The granting or denial of bail will not be set aside unless there is a manifest and flagrant abuse of discretion." *Ayala v. State*, 262 Ga. 704, 705 (425 SE2d 282) (1993). Constantino bore the burden of producing evidence that he posed "no significant risk of fleeing, threatening the community, committing another crime, or intimidating a witness." Id. "To meet this burden, the defendant must first present evidence showing his roots in the community." *Dunn v. Edwards*, 275 Ga. 458, 458 (569 SE2d 525) (2002). The State, however, always retains the burden of persuasion that the defendant is not entitled to pretrial release. Id.

In the present case, Constantino offered some evidence of ties to his community and argued that he did not flee the country either during his ongoing civil litigation with the woman who is the victim in his criminal case or during the criminal investigation of his conduct. He also offered evidence of health problems, and his attorney and wife stated he was willing to surrender his passport. On the other hand, Constantino has now been indicted on 16 counts of criminal activity that may result in significant incarceration if he is convicted. The court also heard evidence that Constantino does not own the home in which he lives, has no assets in the United States, has assets in Belize and Nicaragua, has allegedly funneled significant amounts of money to investments in Belize, and has traveled extensively to Belize. There was evidence that his wife has no assets other than her home, that she was uncertain how much equity she has in the house, and that, due to the downturn in the real estate market, the house is worth less than it was several years ago. Based on this evidence, we conclude the habeas court did not err in ruling that the trial court acted within its broad discretion in finding that Constantino posed a significant risk to flee and in denying bail on

that ground.

3. Constantino contends that the denial of bail violated the Excessive Bail Clauses of both the Georgia and United States Constitutions. See Ga. Const. 1983, Art. I, Sec. I, Par. XVII and the Eighth Amendment to the United States Constitution (both providing that "[e]xcessive bail shall not be required"). Based on the evidence discussed above, however, we conclude that the trial court did not abuse its discretion in determining that the denial of bail was "necessary to ensure [Constantino's] presence at trial," *Salerno*, 481 U. S. at 753, and that the habeas court did not err in denying relief. See *Pullin v. Dorsey*, 271 Ga. 882, 882-883 (525 SE2d 87) (2000) (holding that excessive bail is bail not "reasonably calculated to insure the presence of the defendant"); *Mullinax v. State*, 271 Ga. 112, 112-113 (515 SE2d 839) (1999) (same).

Constantino also contends that his pretrial detention violates due process and his right to effective assistance of counsel by making it difficult for counsel to prepare Constantino's defense. Although Constantino summarily stated in his habeas petition that the denial of bail would violate those rights, Constantino offered no evidence or argument on these issues before the trial court or the habeas court, and neither court either expressly or implicitly ruled on these claims. Accordingly, the claims are not preserved for review. *Walker v. State*, 282 Ga. 774, 775 (653 SE2d 439) (2007).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 5, 2009.

*McKenney & Froelich, Jerome J. Froelich, Jr.*, for appellant.
*Patrick H. Head, District Attorney, Christopher W. Timmons, Dana J. Norman, Amelia G. Pray, Assistant District Attorneys*, for appellee.