S11A0237. MYERS v. ST. LAWRENCE.
(710 SE2d 557)

HINES, Justice.

Pro se appellant James K. Myers appeals the denial of his pre-trial petition for a writ of habeas corpus. For the reasons that follow, we affirm.

Myers was indicted on charges of aggravated assault, obstruction of a law enforcement officer, criminal damage to property, and

---

simple battery against a pregnant person. The trial court denied a pre-trial bond,[1] finding that Myers posed: a significant flight risk; a significant threat to persons, the community, or property; a significant risk for committing a felony pending trial; and a significant risk for intimidating witnesses. The court also noted that Myers had a lengthy history of felonies[2] and had previously been a fugitive from justice. While awaiting trial, Myers filed a petition for a writ of habeas corpus, contending that his detention without bail was illegal, and that his counsel was ineffective. After a hearing, the habeas court denied the petition.

1. Myers has been charged with felonies and, thus, he is not entitled to bail as a matter of right. *Constantino v. Warren,* 285 Ga. 851, 853 (1) (684 SE2d 601) (2009). Rather,

> whether he should have been released on bail is governed by OCGA § 17-6-1 (e), which provides as follows:
>> A court shall be authorized to release a person on bail if the court finds that the person:
>> (1) Poses no significant risk of fleeing from the jurisdiction of the court or failing to appear in court when required;
>> (2) Poses no significant threat or danger to any person, to the community, or to any property in the community;
>> (3) Poses no significant risk of committing any felony pending trial; and
>> (4) Poses no significant risk of intimidating witnesses or otherwise obstructing the administration of justice.
>
> The conjunctive "and" indicates that the trial court may grant bail only if it finds that none of the four risks exists.

Id. at 853-854 (2).

In his habeas petition, Myers contended that the denial of bail constituted excessive bail, prohibited by the Eighth Amendment to the United States Constitution, and Art. I, Sec. I, Par. XVII of the Georgia Constitution. "[T]he foremost consideration when fixing bail is the probability that the accused, if freed, will appear at trial; and . . . the amount of bail assessed is within the sole discretion of

---

[1] Myers contends he was refused bail three times, although only one such order appears in the record.

[2] At Myers's habeas corpus hearing, an assistant district attorney testified that she had filed a notice of intent to prosecute Myers as a recidivist.

the trial court and will not be overturned absent a clear abuse of discretion." *Pullin v. Dorsey*, 271 Ga. 882, 882-883 (525 SE2d 87) (2000). Myers did not provide the habeas court with a transcript of his bail hearing. Thus, there is no such transcript before this Court on his appeal from the habeas court's ruling, and we presume that the evidence presented in the trial court justifies that court's decision. See *Blue v. Blue*, 279 Ga. 550 (1) (615 SE2d 540) (2005); *Kegler v. State*, 267 Ga. 147, 148 (3) (475 SE2d 593) (1996). But, the trial court specifically concluded that he was a flight risk, and the habeas court noted that under recidivist treatment, Myers faced incarceration for a significant period of time. Nothing in the record suggests that the trial court abused its discretion in denying bail, and it was thus not error for the habeas court to deny Myers's petition. See *Constantino*, supra at 855 (3).[3]

2. Myers asserted in his petition that his counsel in the criminal prosecution was providing ineffective representation. As the habeas court correctly held, "[w]hen the underlying criminal matter is still pending, an allegation of ineffective assistance of counsel cannot form the basis of a pre-trial petition for habeas corpus. [Cit.]" *Massey v. St. Lawrence*, 284 Ga. 780 (671 SE2d 834) (2009).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 31, 2011.

James K. Myers, *pro se.*

*Spencer Lawton, Jr.,* District Attorney, *Lisa G. Colbert, R. Jonathan Hart,* for appellee.

---

[3] Myers also contends that after his arrest, he was refused bail, and then held for more than 90 days after his arrest without a grand jury hearing the charges against him, in violation of OCGA § 17-7-50. No support for such contentions appears in the record. Rather, the indictment alleges that Myers committed his crimes on April 9, 2009; his indictment was returned by the grand jury, and filed with the clerk of court, on July 8, 2009, which was 90 days after April 9, 2009. Thus, assuming that Myers was arrested on the day the crimes alleged were committed, the asserted violation of OCGA § 17-7-50 did not occur.