**KAHLEEM RIEARA, Appellant/Defendant**
**v.**
**PEOPLE OF THE VIRGIN ISLANDS, Appellee/Plaintiff**

S. Ct. Criminal No. 2012-0076

Supreme Court of the Virgin Islands

November 27, 2012

CHARLES S. RUSSELL JR., ESQ., Moore, Dodson & Russell, P.C., St. Thomas, USVI, *Attorney for Appellant.*

ATIIM D. ABRAHAM, ESQ., Assistant Attorney General, St. Thomas, USVI, *Attorney for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## OPINION OF THE COURT

(November 27, 2012)

HODGE, *Chief Justice*. Kahleem Rieara appeals from a July 10, 2012 Order issued by the Superior Court of the Virgin Islands which denied his Renewed Motion for Reduction of Bail. Because the trial court failed to explain its reasoning sufficiently when it refused to reduce Rieara's bail, we will reverse the Superior Court's Order and remand the case.

## I. STATEMENT OF RELEVANT FACTS AND PROCEDURAL POSTURE

On February 24, 2012, someone shot and killed Shamal Smith in an outdoor area near a housing community on St. Thomas. Two other people were also shot, but both survived. On April 21, 2012, the police arrested Rieara on a warrant and charged him with first-degree murder, second-degree murder, two counts of attempted first-degree murder, three counts of first-degree assault, three counts of third-degree assault, reckless endangerment and associated unauthorized possession of a firearm charges.[1] (J.A. 35-50.)

In approving the warrant for Rieara's arrest, Judge Adam Christian set the initial bail at $500,000. (J.A. 10.) After his arrest, Rieara was brought before Judge James Carroll for a probable cause hearing on April 23, 2012. Judge Carroll advised Rieara of his rights, appointed counsel to

---

[1] Both Rieara and his co-defendant, Ira Haywood, were charged with these offenses under both primary actor and aider and abettor theories.

represent him, and continued bail in the amount of $500,000. (J.A. 23, 25.) The judge scheduled the matter for a bail hearing on the next day. (J.A. 24.) At the April 24, 2012 bail hearing, counsel for the People indicated that they would not be moving to detain Rieara pending trial. The court heard testimony from Rosetta Rabsatt — Rieara's grandmother — who offered to serve as Rieara's third-party custodian. (J.A. 136-144.) It also heard testimony from Andy Clarke — Rieara's cousin — who was willing to offer Rieara employment while he was released on bail. (J.A. 52.) The People argued that Rieara was a flight risk because his son and his mother reside in New York; he has no gainful employment in the Virgin Islands; and the serious charges act as an incentive for him to flee. (J.A. 167.) After the hearing, the court reserved its decision on Rieara's Motion for Release.

On May 9, 2012, the trial court issued an Order Granting Release.[2] While the court conditionally approved the request for release, it disapproved Rabsatt as a third-party custodian for Rieara, without explanation, and it stated that another "suitable individual" must be suggested and approved by the court. (J.A. 52.) It did approve Clarke as a co-third-party custodian for the purposes of employment. (J.A. 53.) The Order reduced bail to $250,000, but required Rieara to submit to house arrest with electronic monitoring, turn over his travel documents, and comply with other conditions, such as staying within the Territory, reporting to probation, avoiding contact with witnesses and victims, and avoiding dangerous weapons, drugs and alcohol. (J.A. 53.) Subsequently, on May 10, 2012, Rieara was arraigned, and the matter was reassigned to Judge Brenda Hollar.

On June 5, 2012, Rieara filed a Renewed Motion for Reduction of Bail. (J.A. 55-63.) He argued that there was an insufficient basis to believe that he had even committed the charged crimes, noting that "dozens" of witnesses at the scene had failed to identify him, that only one witness had identified him as the shooter, that the identification was made one month after the incident, and that it was made by the witness's selection of a photograph out of a police photo array. (J.A. 55-56.) He further argued that the People "obviously" did not consider him to be a flight risk because, although the witness made the identification of Rieara on March

---

[2] The court signed the order on May 4, 2012, but it was entered on May 9, 2012.

20, 2012, the police did not execute a warrant for his arrest until April 21, 2012. (J.A. 56.) He maintained that he lived almost his entire life with Rabsatt, that he has a twelfth-grade education, and that he has "no bank accounts, motor vehicles, interests in real property, debts, or cash assets." (J.A. 57.) Rieara indicated that, as a result of Judge Carroll's rejection of Rabsatt as a third-party custodian, his friend, Bethley Brooks, volunteered to serve as a substitute third-party custodian. (J.A. 57.) He further indicated that a number of individuals were willing to provide property as collateral for his bail.[3]

Rieara argued in his Renewed Motion to Judge Hollar that section 3 of the Revised Organic Act guarantees him the right to "reasonable bail." (J.A. 59.) He stated that "the [c]ourt should utilize the Federal Bail Reform Act . . . for guidance." (J.A. 60.) He contended that consideration of those principles required his release on a bail bond that he can afford and that if the court maintained the existing bail amount, it would result in his *de facto* incarceration until trial. (J.A. 60.) While he argued that he could afford 10% of a bail of $200,000, the collateral possessed by his family members was insufficient to satisfy the $250,000 bail, and he had no other assets to satisfy that amount. (J.A. 60.)

The People opposed Rieara's Renewed Motion. The People emphasized the seriousness of the crimes with which Rieara is charged, the need to protect the community from "individuals accused of violent and serious offenses," Rieara's prior criminal record, including arrests which did not lead to convictions, and the lack of information regarding Rieara's proposed substitute third-party custodian. (J.A. 96-98.)

In a June 25, 2012 Reply, Rieara noted that the People had not maintained that Rieara himself was dangerous, and that the actions of the police during the investigatory period belied any concern for his dangerousness. (J.A. 100-04.) Furthermore, Rieara emphasized the fact that his first conviction was when he was twenty-one years old, and his only other conviction required him simply to pay a $200 fine, facts that

---

[3] Specifically, Rieara identified his father, Elroy Rieara, who owns an undivided interest in unencumbered property worth "at least $6,000." (J.A. 58 (indicating that Elroy owns the property as tenant in common with a deceased person, and that the property has never been probated, but that the value of his Elroy's interest is at least $6,000).) He also identified Cleone Thomas, his maternal aunt, who has property in St. John worth $88,100, which is encumbered by a $52,273.57 first priority mortgage. (J.A. 58-59.)

he urged showed that he was not a menacing person. He indicated to the court that his proposed substitute third-party custodian, Brooks, worked only twenty hours a week and would have no difficulty supervising Rieara, and that she understood she would be obliged to inform the court of any bail violations. (J.A. 102.) He also stated that Brooks was twenty-two years old and had known Rieara all her life. Moreover, he further maintained that Rabsatt remained willing to serve as a third-party custodian if the court approved the arrangement. (J.A. 103.)

On July 10, 2012, the court issued an Order denying Rieara's Renewed Motion for Reduction of Bail. It stated, as its reasons for the denial, "Defendant's arrest record and record of conviction and the fact that Judge James Carroll already reduced his bail significantly on May 4, 2012." (J.A. 3.) Consequently, the bail amount of $250,000 and other conditions established on May 4, 2012 remain in effect. Rieara filed a timely Notice of Appeal on August 7, 2012, and, on August 30, 2012, Rieara filed a motion for expedited appeal. We granted that motion to expedite on August 31, 2012.

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

Before the Court considers the merits of Rieara's appeal, we must satisfy ourselves that we have jurisdiction. The Supreme Court has jurisdiction over an appeal from a decision or order "detaining a person charged with or convicted of an offense" that is entered pursuant to section 3504a, of title 5 of the Virgin Islands Code or other provision of law. 4 V.I.C. § 33(d)(4). *See Browne v. People*, 50 V.I. 241, 246 (V.I. 2008). However, the trial court has not issued an order detaining Rieara; instead, it has issued an order granting his release, albeit under bail conditions he alleges that he cannot satisfy.

We are satisfied that even if Rieara's alleged "*de facto* detention" is not sufficient to satisfy section 33(d)(4) — a question we do not reach — the Court nonetheless has jurisdiction. In other contexts, this Court has explicitly adopted the collateral order doctrine, which provides that an order may be considered "final" for the purposes of review when it (1) "conclusively determine[s] the disputed question," (2) "resolve[s] an important issue completely separate from the merits of the action," and (3) is "effectively unreviewable on appeal from a final judgment." *Hard*

*Rock Café v. Lee*, 54 V.I. 622, 628-30 (V.I. 2011). The Supreme Court of the United States has recognized the applicability of the collateral order doctrine in cases involving motions for reduction of bail: thus, in *Stack v. Boyle*, 342 U.S. 1, 7, 72 S. Ct. 1, 96 L. Ed. 3 (1951), the Supreme Court indicated that "an order denying the motion to reduce bail is appealable as a 'final decision.' " *See Sell v. United States*, 539 U.S. 166, 190-91, 123 S. Ct. 2174, 156 L. Ed. 2d 197 (2003) (explaining that the denial of a motion to reduce bail is immediately appealable because it "becomes moot (and thus effectively unreviewable) on appeal from conviction"); *Flanagan v. United States*, 465 U.S. 259, 266, 104 S. Ct. 1051, 79 L. Ed. 2d 288 (1984) ("An order denying a motion to reduce bail may be reviewed before trial."); *see also State v. Grindling*, CR. No. 98-0325(2), 2006 Haw. App. LEXIS 675, at *3 (Haw. Nov. 13, 2006) (same). Because the authorities are clear that an order denying a motion for reduction of bail is reviewable under the collateral order doctrine, this Court has jurisdiction over Rieara's appeal from the trial court's denial of his Renewed Motion for Reduction of Bail.

 We review the trial court's decisions regarding the amount of bail and other release conditions for abuse of discretion.[4] *See State v. Briggs*, 666 N.W.2d 573, 575 (Iowa 2003) (applying the abuse-of-discretion standard to bail decisions); *Long v. Hamilton*, 467 S.W.2d 139, 142 (Ky. 1971) (same); *Moore v. McCormick*, 260 Mont. 305, 858 P.2d 1254, 1255 (1993) (same); *State v. Janklow*, 2004 SD 36, 678 N.W.2d 189, 191

---

[4] We recognize that in *Browne*, this Court stated that the trial court's "findings" are reviewed under a *de novo* standard. 50 V.I. at 247. However, *Browne* relied on cases applying the standard applicable to the federal Bail Reform Act. *Id.* (citing *Smalls v. Gov't of the V.I.*, 30 V.I. 82, 85 (D.V.I. App. Div. 1994). There is no question that the BRA does not apply to this Court; to the extent the Superior Court could adopt and apply the procedural provisions of the BRA — a question we do not reach — it nonetheless could not adopt a rule which binds this Court in its choice of standards of review. *See Tindell v. People*, 56 V.I. 138, 150 n.12 (V.I. 2012) (declining to apply precedent interpreting Federal Rule of Criminal Procedure 12(b)(3)(B) when it contravened this Court's doctrine of waiver); *In re Kendall*, 53 V.I. 459, 463 (V.I. 2010) (emphasizing that the Superior Court cannot issue rules which bind this Court). Instead, we take this opportunity to clarify that a *de novo* standard is not appropriate when reviewing bail decisions. The trial court is in the best position to make bail and other release determinations in the first instance, and consequently its decisions warrant some deference. For these reasons, we apply an abuse-of-discretion standard. *United States v. Thrower*, 96 Fed. Appx. 343-44 (6th Cir. 2004); *Costa v. Mackey*, 227 Ariz. 565, 261 P.3d 449, 453 (2011); *Constantino v. Warren*, 285 Ga. 851, 684 S.E.2d 601, 604 (2009).

(2004) (same). Findings of fact are reviewed for clear error. *Browne*, 50 V.I. at 247.

## B. The Renewed Motion for Reduction of Bail

Rieara argues that the trial court erred by failing to provide reasons for its decision not to reduce the bail upon his Renewed Motion for Reconsideration, and for its decision not to accept his proposed sureties. Although he does not cite it as authority, Supreme Court Rule 9 requires the Superior Court to state on the record its reasons for imposing conditions of release pending trial. Specifically, the Rule states in relevant part:

> The Superior Court shall state in writing, or orally on the record, the reasons for an order refusing or imposing conditions of release or ordering pretrial detention of a defendant in a criminal case.

V.I.S.Ct.R. 9.

■ ■ Rule 9 has not yet been interpreted by this or any other court. However, it is clear from the language of the rule that it was drafted to ensure that this Court has sufficient reasons on the record to permit it to evaluate the trial court's rulings when initially imposing bail conditions. The same concerns apply when the trial court refuses to reduce bail or modify release conditions on the defendant's motion. Consequently, to facilitate appellate review, orders granting bail or refusing to reduce bail or establishing other release conditions must "contain more than mere findings of ultimate fact or a recitation of the relevant criteria for release on bail; the statement should clearly articulate the basis for the court's utilization of such criteria." *In re Pipinos*, 33 Cal. 3d 189, 187 Cal. Rptr. 730, 654 P.2d 1257, 1260 (1982); *see also Brown v. People*, 56 V.I. 695, 702 (V.I. 2012) ("[I]t is . . . well established that, when parties properly raise an issue during the course of Superior Court proceedings, the Superior Court possesses an obligation to explain the reasons for its decision in order to enable effective appellate review by this Court.").

■ ■ Here, in its July 10, 2012 Order, the trial court stated that it refused to reduce Rieara's bail because of "Defendant's arrest record and record of conviction and the fact that Judge James Carroll already reduced his bail significantly on May 4, 2012." The fact that Judge Carroll had already reduced Rieara's bail is not a sufficient basis on which to deny the

Renewed Motion for Reduction of Bail. When the court resolves a motion to modify bail and release conditions, it must make an individualized determination in order to ensure that the bail is not excessive. Any bail or conditions of release that are not tailored to achieve the purpose of bail are considered excessive and therefore unconstitutional. *See* Revised Organic Act of 1954, § 3, 48 U.S.C. § 1561, *reprinted in* V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 159-60 (1995) (preceding V.I. CODE ANN. tit. 1) (providing that "[a]ll persons shall be bailable by sufficient sureties in the case of criminal offenses, except for first degree murder or any capital offense when the proof is evident or the presumption is great" and also adopting by reference the Eighth Amendment to the U.S. Constitution); *Galen v. County of Los Angeles*, 477 F.3d 652, 661-62 (9th Cir. 2007) ("The plain meaning of 'excessive bail' does not require that it be beyond one's means, only that it be greater than necessary to achieve the purposes for which bail is imposed."). The mere fact that another judge, presented with another motion, had set those conditions is an insufficient basis on which to refuse to modify the conditions, particularly where the defendant's new motion includes additional evidence or new and different proffers. *See United States v. King*, 849 F.2d 485, 491 (11th Cir. 1988) (indicating that a district court judge reviewing a magistrate's detention order must issue findings and provide reasons on the record where the judge considered evidence not considered by the magistrate). Here, Rieara's Renewed Motion included information about his new proposed substitute third-party custodian and additional documentation regarding his proposed sureties' real properties — information apparently not presented to or considered by Judge Carroll at the initial hearing. (J.A. 55-95.) Therefore, in light of these additional factors, the court should have provided reasons for retaining the bail conditions as initially set by Judge Carroll.[5]

---

[5] If Rieara's Renewed Motion for Reduction of Bail was interpreted as a Motion for Reconsideration of Judge Carroll's initial bail order, Rieara would be required to demonstrate a change of law, new evidence, or the need to correct an error or prevent "manifest injustice." LRCi 7.3; LRCR 1.2 ("In cases of general procedure not covered by [the Local Rules of Criminal Procedure], the Local Rules of Civil Procedure shall apply."); *see also* SUPER. CT. R. 7 (applying the Federal and Local Rules of Civil and Criminal Procedure, whenever not inconsistent with local laws or rules). However, the trial court did not invoke this rule to deny the motion. In addition, the People never raised it as an objection. Therefore, as a procedural matter, it is waived. Similarly, Rule 46.1 of the Local Rules of Criminal Procedure

■ The trial court also cited Rieara's criminal history as a reason for declining to reduce his bail. Even if the trial court could properly consider his previous conduct — a question we do not reach — the court failed to adequately explain how his two previous convictions, and four total previous arrests, required a bail in the amount of $250,000, rather than the $200,000 suggested by Rieara, or some other amount. As noted above, the order should contain more than just a "mere . . . recitation of relevant criteria"; it should clearly explain why those criteria support the ultimate bail amount or other release conditions. *In re Pipinos*, 654 P.2d at 1260.

■ While we apply an abuse-of-discretion standard to the trial court's decisions concerning release on bail and the sufficiency of the sureties, and review its factual findings only for clear error, meaningful review is not possible where the trial court fails to sufficiently explain its reasoning. *See Qiao Lin Wang v. Atty. Gen. of U.S.*, 391 Fed. Appx. 190, 194 (3d Cir. 2010); *Myatt v. Peco Foods of Miss.*, 22 So. 3d 334, 338 (Miss. Ct. App. 2009) (citing cases for the proposition that the trial court's failure to explain reasoning necessitates a less deferential level of review). For these reasons, we will reverse the trial court's Order and remand the case for the trial court to more thoroughly explain its reasons for rejecting Rieara's Renewed Motion for Reduction of Bail. Because we do so, we need not reach the other questions raised on appeal.[6]

## III. CONCLUSION

■ We reverse the trial court's July 10, 2012 Order denying Rieara's Renewed Motion for Reduction of Bail because it failed to comply with this Court's Rule 9, which requires the trial court to set out the reasons and findings it makes when issuing orders deciding bail and other release conditions. We remand the case for further proceedings consistent with this Opinion.

---

requires a defendant moving for modification of conditions to first confer with the prosecutor. LRCR 46.1. It is not clear if that procedure was followed here, but it is of no moment, because neither the trial court nor the People invoked it, and thus it is also waived.

[6] Rieara argues on appeal that setting bail in excess of what he can afford is void as a matter of law under the Bail Reform Act and that there was insufficient evidence to sustain the trial court's finding that bail should be set in an amount that resulted in his *de facto* detention, arguments we do not reach.