# Court of Appeals
# of the State of Georgia

ATLANTA,　　March 12, 2015　　　

*The Court of Appeals hereby passes the following order:*

**A15D0270. CHARLES AVERY BROWN v. THE STATE.**

On June 12, 2014, the trial court entered an order denying bond to Charles Avery Brown. In January 2015, Brown filed, in the trial court, a pro se document entitled "Certificate of Immediate Review." Brown then sent us a copy of his "Certificate of Immediate Review," asking that we file it as an application for discretionary review. We lack jurisdiction to review his claims for two reasons.

First, the order denying bond is not a final judgment. "The interlocutory appeal procedures set forth in OCGA § 5-6-34 (b) are required to obtain review of an order denying or setting pre-trial bond." *Mullinax v. State*, 271 Ga. 112 (1) (515 SE2d 839) (1999); see also *Howard v. State*, 194 Ga. App. 857 (392 SE2d 562) (1990). To obtain interlocutory review, Brown was required to obtain a certificate of immediate review from the trial court within ten days of entry of the order denying bond. See OCGA § 5-6-34 (b). There is no indication that the trial court ever issued a certificate of immediate review as to its order denying bond. Brown's failure to follow the interlocutory appeal procedure deprives us of jurisdiction to consider his application

Second, even if Brown could proceed by discretionary application, his application is untimely. To be timely, a discretionary application must be filed within 30 days of entry of the order to be appealed. OCGA § 5-6-35 (d); *Hill v. State*, 204 Ga. App. 582 (420 SE2d 393) (1992). Because this application was filed 244 days after entry of the order Brown seeks to appeal, it is untimely. We thus lack jurisdiction to consider the application.

For these reasons, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,* 03/12/2015
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *Stephen E. Castlen* _____ *, Clerk.*