**SECOND DIVISION**
**MILLER, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**November 16, 2021**

# In the Court of Appeals of Georgia

A21A1259. COLEMON v. THE STATE.

MILLER, Presiding Judge.

In this interlocutory appeal, Louis Shane Colemon appeals from the trial court's order denying his motion to reduce bond. On appeal, Colemon contends that the trial court failed to grant him an appropriate bond within his financial means, which has resulted in cruel and unusual pre-trial punishment based on his poverty. Because the trial court did not clearly abuse its discretion in setting the bond amount, we affirm.

"[I]n all cases the amount of bail assessed is within the sole discretion of the trial court and will not be overturned absent a clear abuse of discretion." (Citation omitted.) *Mullinax v. State*, 271 Ga. 112 (2) (515 SE2d 839) (1999).

Colemon was arrested in March 2019 in connection with allegations of physical abuse of his four-month-old son that led to a heart injury, rib fractures, malnutrition, and unresponsiveness. Two months after his arrest, Colemon was indicted on 35 charges, including criminal attempt to commit murder and numerous counts of aggravated battery (family violence), aggravated assault, and cruelty to children in the first degree.

In May 2019, the trial court denied bond to Colemon, finding him to be a flight risk in light of the gravity of the charges and the punishment he faces. The trial court also determined that Colemon posed a risk to the community, noting his two convictions for battery and a conviction for armed robbery. After another hearing in December 2019, the trial court granted Colemon bond in the amount of $150,000, observing that Colemon had been subject to a "lengthy pretrial detention," but maintaining its previous concerns from the May hearing. The trial court later reduced the bond to $100,000, before denying Colemon's subsequent motions to reduce bond. After the trial court again declined to reduce the bond in January 2021,[1] the court granted Colemon's petition for certificate of immediate review. We granted

---

[1] In the written order, the trial court cited to its reasoning and analyses which were entered on the record as part of its previous denial orders.

Colemon's application for interlocutory appeal from the January 2021 order, and this appeal ensued.

In his sole enumeration of error, Colemon argues that the trial court failed to grant him an appropriate bond within his financial means, which has resulted in cruel and unusual pretrial punishment solely based on his poverty. Colemon centers his argument on the following two claims: (1) the trial court repeatedly ignored evidence and proffers showing his indigence and inability to post the bond; and (2) the bond is excessive because he demonstrated that the bond contained conditions that would ensure his return to court but he is nevertheless unable to post the bond due to indigence. Colemon has failed to show that the trial court clearly abused its discretion in setting the bond.

> Excessive bail is prohibited by the Georgia Constitution (Ga. Const.1983, Art. I, Sec. I, Par. XVII) and the Eighth Amendment to the U. S. Constitution. For purposes of the Eighth Amendment, excessive bail is defined as bail set at an amount higher than an amount reasonably calculated to insure the presence of the defendant. When fixing bail in Georgia, a trial judge's *foremost consideration* is the probability that the accused, if freed, will appear at trial and *to a lesser extent* the accused's ability to pay, the seriousness of the offense, and the accused's character and reputation. A defendant who seeks release on bail has the burden of showing roots in the community, that the defendant does not pose a

significant risk of fleeing, threatening the community, committing another crime, or intimidating a witness.

(Citations and punctuation omitted; emphases supplied.) *Mullinax*, supra, 271 Ga. at 112 (2).

First, the trial court evidently considered Colemon's ability to pay the $100,000 bond. Colemon represented to the court that his family has property valued at $95,000, which they can post against the bond. In May 2020, the trial court stated of the $100,000 bond, "I understand [Colemon] has not posted that bond. I also understand that bond is not excessive merely because it's unaffordable." During the September 2020 hearing, the trial court questioned Colemon's counsel about the family's property, about whether Colemon's family members would be able to take a loan against the property to post the bond, and about the amount of money that would be required to post the bond through a bonding company. It is therefore apparent that the trial court accounted for Colemon's financial ability, and we reject his contention to the contrary.

Colemon also asserts that the bond is necessarily excessive because the trial court imposed various conditions to ensure his presence at trial and he is nevertheless unable to afford the bond. But "the amount of a bond as reasonable or excessive is not

4

susceptible to objective measurement under bright line rules. Rather, it results upon a consideration of a range of factors." *Vanegas v. State*, 249 Ga. App. 76, 78 (2) (547 SE2d 718) (2001). "The gist of the problem confronting a court in setting the amount of bail is to place the amount high enough to reasonably assure the presence of the defendant when it is required, and at the same time to avoid a figure higher than that reasonably calculated to fulfill this purpose, and therefore excessive." *Jones v. Grimes*, 219 Ga. 585, 587 (2) (134 SE2d 790) (1964).

Here, the bond amount "reflects the trial judge's concern that the defendant's presence at trial be secured." *Mayfield v. State*, 198 Ga. App. 252, 253 (401 SE2d 297) (1990). The September 2020 order shows that the trial court considered Colemon's "establishment in the community to ensure that he will appear for trial." In determining the amount of bond necessary for this foremost purpose, the trial court found that Colemon had lived in four different counties; that he had not established ownership of a home in which he had an interest; that he did not have long-term employment; and that there had been no evidence that he had children who resided with him and were being schooled in the area. The trial court also considered that Colemon faces "very serious charges" and severe punishment if convicted and that

5

he has previously been convicted of a violent offense.[2] Ultimately, the trial court ruled that the likelihood that Colemon would appear for trial required bond in the amount of $100,000 and that a lesser amount would not reasonably assure Colemon's presence.

Certainly, we are not unmindful of the length of Colemon's pretrial detention and the presumption of his innocence. The record before us, however, shows that the trial court considered both of these factors, applied the *Mullinax* framework to the specific circumstances of this case, and rendered a reasoned decision regarding the bond amount. Accordingly, the bond was not so excessive as to constitute a clear abuse of discretion. See *Hernandez v. State*, 294 Ga. App. 289, 290 (669 SE2d 434) (2008) (where the trial court was concerned that the defendant posed a significant risk of fleeing, a million-dollar bond in connection with a drug trafficking operation was not unlawfully excessive); *Mayfield*, supra, 198 Ga. App. at 253 (where the trial judge weighed the defendant's length of detention and residency in the community against the seriousness and consequences of the charges, $100,000 bond for charges of two cocaine sales was not unlawfully excessive). See also *Spence v. State*, 252 Ga. 338, 341 (2) (b) (313 SE2d 475) (1984) (no abuse of discretion where the trial court set

---

[2] We note that these findings find some support in the record.

$90,000 bond for three counts of theft). We therefore affirm the trial court's order denying Colemon's motion to reduce bond.

*Judgment affirmed. Hodges and Pipkin, JJ., concur*.