# Court of Appeals
# of the State of Georgia

ATLANTA,  July 31, 2024

*The Court of Appeals hereby passes the following order:*

## A24D0414. VICTOR HIDALGO MONTESINO v. THE STATE.

Victor Hidalgo Montesino, proceeding pro se, is being held in jail on charges of possession of methamphetamine and other crimes. On April 11, 2024, the trial court set bond at $100,000 based, in part, on its conclusion that Montesino presented a flight risk. On May 20, 2024, Montesino filed a document in the Georgia Supreme Court titled, "Habeas Corpus Excessive Bond," in which he argues that the trial court's finding is unsupported by the record, and requests that the "excessive" bond be withdrawn or dismissed and a "standard" bond of $10,000 be issued. The Supreme Court construed the filing as an application for interlocutory appeal and transferred the matter here upon finding no basis for jurisdiction. See Case No. S24I1102 (June 27, 2024). The filing was docketed in this Court as a discretionary application. Regardless of whether the filing is construed as an interlocutory or discretionary application, we lack jurisdiction.

Because Montesino's charges remain pending below, he was required to follow the interlocutory application procedures — including obtaining a timely certificate of immediate review from the trial court — to appeal the order setting pretrial bond. See OCGA § 5-6-34 (b); *Mullinax v. State*, 271 Ga. 112, 112 (1) (515 SE2d 839) (1999). His failure to do so deprives us of jurisdiction over this application. See *State v. Wheeler*, 310 Ga. 72, 76-77 (3) (849 SE2d 401) (2020).

Further, even if a discretionary application were proper here, Montesino's application was untimely filed 39 days after entry of the order he seeks to appeal. See OCGA § 5-6-35 (d) (an application for discretionary review must be filed within 30

days of entry of the judgment or trial court order sought to be appealed). The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith. See *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989).[1]

For these reasons, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,* 07/31/2024

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[1] We note that Montesino's pleading cannot be construed as a habeas corpus petition because a habeas petition must be filed in the county where the petitioner is detained. See OCGA § 9-14-43; *Jones v. State*, 322 Ga. App. 269, 271 (1) (745 SE2d 1) (2013).