# Court of Appeals
# of the State of Georgia

ATLANTA, January 23, 2025

*The Court of Appeals hereby passes the following order:*

## A25D0191. TZVI STRAUSS v. THE STATE.

Tzvi Strauss was arrested for violating the terms and conditions of his probation and, apparently, for new felony charges. Strauss filed a pro se motion for bond, which the trial court denied. Strauss now seeks discretionary review of the trial court's order. We lack jurisdiction.

Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below[.]" Here, however, the order Strauss seeks to appeal is not a final judgment as the case remains pending in the trial court. Consequently, Strauss was required to use the interlocutory appeal procedures — including obtaining a timely certificate of immediate review from the trial court — to appeal the order denying his request for pretrial bond. See OCGA § 5-6-34 (b); *Mullinax v. State*, 271 Ga. 112, 112 (1) (515 SE2d 839) (1999); *Howard v. State*, 194 Ga. App. 857, 857 (392 SE2d 562) (1990). Notably, Strauss has not provided a certificate of immediate review from the trial court with his application materials.

Although Strauss filed an application for discretionary appeal, as described in OCGA § 5-6-35, compliance with that procedure does not excuse a party seeking appellate review of an interlocutory order from complying with the additional requirements of OCGA § 5-6-34 (b). See *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996); see also *Islamkhan v. Khan*, 299 Ga. 548, 551 (2) (787 SE2d 731) (2016) ("'[W]hen the order appealed from is an interlocutory order, the appellate court does not acquire jurisdiction unless the procedure of OCGA § 5-6-34 (b) for

interlocutory appeal is followed.'").

Accordingly, Strauss's failure to comply with the interlocutory appeal procedure deprives us of jurisdiction to consider this application, which is hereby DISMISSED. See *Mullinax*, 271 Ga. at 112 (1); *Howard*, 194 Ga. App. at 857.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 01/23/2025

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*