# Court of Appeals
# of the State of Georgia

ATLANTA, February 10, 2025

*The Court of Appeals hereby passes the following order:*

## A25D0234. JOSEPH KELLY v. THE STATE.

In this criminal case, Joseph Kelly filed a pro se motion for the trial court to reconsider its order revoking his bond and a pro se request for a preliminary pre-commitment hearing. The trial court found that Kelly is represented by counsel, declined to permit hybrid representation under *Johnson v. State*, 315 Ga. 876 (885 SE2d 725) (2023), and dismissed Kelly's pro se motions. Kelly seeks discretionary review of the dismissal of his motions. We, however, lack jurisdiction.

Pretermitting whether Kelly's discretionary application is timely, this criminal action remains pending below. Consequently, Kelly was required to use the interlocutory appeal procedures — including obtaining a timely certificate of immediate review from the trial court — to appeal the order. See OCGA § 5-6-34 (b); *Mullinax v. State*, 271 Ga. 112, 112 (1) (515 SE2d 839) (1999); *Howard v. State*, 194 Ga. App. 857, 857 (392 SE2d 562) (1990). Notably, Kelly has not provided a certificate of immediate review from the trial court with his application materials.

Further, we find that Kelly is not authorized to represent himself before this Court. In *Johnson v. State*, the Supreme Court recognized that a litigant does not have a right to represent himself while simultaneously being represented by counsel. *Johnson*, 315 Ga at 880-881 (2) (a). The Supreme Court also concluded, however, that a trial court has discretion to allow hybrid representation. See id. at 890-891 (4). The Supreme Court suggested that it would be up to an appellate court to determine whether it would recognize pro se filings by a counseled defendant directed to the appellate court. Id. at 891 n. 15 ("Although many such decisions will be made by trial

courts, the decision whether to recognize a pro se notice of appeal remains one for appellate courts to make."). Having reviewed the material submitted by Kelly, we find that this is not one of the rare cases in which hybrid representation is warranted. See id. at 890 (4) ("We expect that courts will exercise discretion to recognize pro se filings by counseled defendants sparingly.").

For these reasons, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* __02/10/2025_____

          *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

          *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*